(14 Misc. Rep. 121.)

## PARKE v. GILLIGAN.

(City Court of New York, Special Term. September, 1895.)

ASSAULT—ACTION FOR—JUSTIFICATION.

　In an action for an assault, the complaint alleged that defendant, a police officer, wrongfully forced the door to plaintiff's liquor saloon and arrested plaintiff. The answer alleged that, between the hours of 1 and 5 o'clock in the morning, defendant saw persons entering and leaving plaintiff's saloon by a side door, each carrying in his hand a small can; that by reason thereof defendant suspected that the excise laws were being violated, and accordingly, when the door was opened from the inside, to admit of one of said persons, defendant entered; that thereupon the person who opened the door, with the assistance of plaintiff, violently forced defendant out on the sidewalk; and that plaintiff seized defendant by the throat, using vile and abusive language, whereupon he arrested plaintiff, and charged him with interfering with defendant in the discharge of his duty. *Held,* that the defense of justification was sufficient on demurrer.

Action by Charles H. Parke against John Gilligan to recover damages for trespass and injury to plaintiff's person. Plaintiff demurs to defendant's plea of justification. Overruled.

Fromme Brothers, for plaintiff.

Francis M. Scott, Corp. Counsel, for defendant.

BOTTY, J. This action is brought by the plaintiff against the defendant to recover the sum of $2,000 as damages for trespass and injury to his person, etc. The complaint sets forth four distinct and separate causes of action, viz.: (1) Trespass, (2) assault, (3) false imprisonment, (4) malicious prosecution.

The first cause of action charges the defendant, who is a police officer, with trespass, in that on or about July 5, 1895, he unlawfully, willfully, illegally, and maliciously forced in the entrance or door leading to the plaintiff's premises, a liquor store or saloon at No. 13 Sixth avenue, in this city. The second cause of action charges the defendant with having assaulted the plaintiff without justification or provocation, after forcibly entering the said premises as charged in the first cause of action. The third cause of action charges the defendant with having unlawfully and forcibly entered plaintiff's said premises at the time above stated, and, after assaulting the plaintiff without cause or justification, and without charging him with any offense, took him by force into custody, and caused him to be imprisoned, without any cause, or without any right. The fourth cause of action charges the defendant with having falsely and maliciously, and without reasonable or probable cause, charged the plaintiff before a city magistrate with having committed the offense of assault, and procured the said magistrate to entertain said complaint, and detain the plaintiff on the said charge; that the plaintiff was put under arrest, and, after an examination had, was acquitted of the crime, and that the prosecution is wholly ended and determined; that by reason of the premises the plaintiff suffered damages in the amount claimed by him.

The defendant, however, by way of defense has interposed an answer admitting that he is a police officer, and that, while in uniform, at or about the time stated in the complaint, he arrested the plaintiff, caused him to be imprisoned, and that, after examination had upon the charges preferred by him against the plaintiff, the plaintiff was acquitted, and that the prosecution is wholly determined; but he denies the several charges made against him, and by way of a separate and distinct answer and defense to each and every cause of action alleged in the complaint he avers that he is, and for a long time has been, a police officer, and, as such, was under orders from his superior officers to enforce the provisions of the excise laws, to prevent violations and arrest violators thereof; that early in the morning of July 9th, between the hours of 1 and 5 o'clock, he observed persons going in and out of No. 13 Sixth avenue, a liquor store or saloon, through a door leading thereto situated on West Third street, and that such persons, or divers of them, carried in their hands small cans; that by reason thereof he was led to suspect and believe, and did in good faith suspect and believe, and had probable and reasonable cause for believing, that the statutes commonly known as the "Excise Laws" were being violated; that accordingly, upon the said door being opened from the inside to admit one of said persons, the defendant entered the same, and that thereupon the person who opened the door violently and maliciously forced him (defendant), with the assistance of the plaintiff, out on

the sidewalk, the plaintiff unlawfully and maliciously grasping him by the throat, and using vile and abusive language towards him; that he thereupon arrested and took the plaintiff into custody, and immediately conveyed him to the police station of the Fifteenth precinct, and caused him to be there detained; that thereafter the plaintiff was taken before a city magistrate, charged with having prevented the defendant from making an arrest, and with having assaulted and interfered with him while attempting to discharge his duties; that the magistrate entertained the complaint, and, after examination, acquitted the plaintiff with a warning to him; that the complaint and arrest were reasonable and just, and made in good faith, with reasonable and proper cause, and that the same were made for the purpose of preserving the peace, and pursuant to the proper statutes and the orders of his superior officers, and that he acted without malice. To the matters thus set up by way of a separate and distinct defense the plaintiff demurs upon the ground that the same are insufficient in law upon the face thereof.

The several charges, or either of them, as made by the plaintiff, if true, would render the defendant amenable to an action for damages. No officer has a right to force an entrance into any premises for the purpose of effecting an arrest for a misdemeanor which he may have reason to suspect is being committed thereon. Nor is he authorized to make an arrest without a warrant for a misdemeanor not committed in his presence. Code Cr. Proc. § 177. If he effects an entrance by force under such circumstances, he may be ejected from the premises; but the person ejecting him has no right to use more force than is necessary to accomplish that purpose. Nor is the officer justified in arresting the person ejecting him for an assault under such circumstances. The defendant, however, as above shown, specifically denies each of the several charges made against him. The issues thus raised must necessarily be tried before the court and a jury in the orderly course of procedure.

The questions to be determined by the court at present arise upon the demurrer interposed by the plaintiff to the special or separate defense set up by the defendant in his answer, by which he shows that he peaceably entered plaintiff's premises for the purpose of effecting an arrest for a violation of the excise law, which offense he had reason to believe was being committed, and that he was assaulted without just cause by the plaintiff while endeavoring to make such an arrest, and that by reason thereof he was led to apprehend the plaintiff for interfering with him in the discharge of his duties as an officer, and for assaulting him; and the charges subsequently made against the plaintiff, and his consequent imprisonment, were reasonable and just, and made in good faith, and with reasonable and probable cause, and that they were made for the sole purpose of preserving the public peace, and in conformity with law. The plaintiff, by demurring, admits the above facts alleged by way of separate defense, but it is urged by him that the same do not constitute a justification or defense. Upon a careful examination of the pleadings and the questions of law involved, I am of the opinion that the facts set up by way of special defense, to which plaintiff

has demurred, constitute a complete justification of defendant's acts in arresting the plaintiff for the assault committed upon him, and for interfering with him in the discharge of his duties as an officer, and that the same are properly and necessarily pleaded as a defense. See Bradner v. Faulkner, 93 N. Y. 515.

The demurrer must therefore be overruled, with costs, with leave to the plaintiff to plead anew or amend on payment of $15 costs. Ordered accordingly.