L. W. CRAIG, GUARDIAN, ET AL. v. B. F. HARLESS ET AL.

Decided October 16, 1903.

**1.—Trespass to Try Title—Limitation.**

It is well settled that an equitable title will support an action of trespass to try title for the recovery of land, and that to such an action the limitation of actions for land prescribed by the Revised Statutes will apply. Note the opinion for cases distinguished.

**2.—Same—Evidence.**

Under the law of this State parol evidence to establish a trust in the execution of a deed is admissible.

Error from the District Court of Harris.   Tried below before Hon. W. H. Wilson.

*Taliaferro & Wilson,* for plaintiffs in error.

*W. J. Howard,* for defendants in error.

GARRETT, CHIEF JUSTICE.—This action was begun for the recovery of land.   It was brought by the defendant in error B. F. Harless against Estelle J. Brady, W. F. S. Schelling, and Lucy Sherman Brady, Sidney Sherman Brady and Mary Henrietta Brady and L. W. Craig, the said Craig being sued as the guardian of the last three named defendants, who were minors.

The plaintiff alleged that he was the owner of the land by virtue of a deed executed by E. P. Turner to George Ramine, August 18, 1883; that the defendants, except Schelling, claimed the same by virtue of a deed executed April 3, 1875, by Turner to John T. Brady, who was the husband of Estelle J. Brady and the father of the said minors.   It was alleged that it was not intended by either Turner or Brady that the title should be vested in Brady by the deed from Turner to him, but that it should remain in Turner; that the deed was made for convenience in making sale of the land.   That Brady died June 3, 1891, and up to his death always admitted that he held the land as trustee for Turner's benefit.   There was a prayer that the deed be canceled and removed as a cloud on his title, and for general relief.   Schelling was sued as warrantor of the title to plaintiff.   The defendant Schelling answered by a general demurrer, plea of not guilty, and adopted the allegations of the plaintiff's petition.   Estelle J. Brady disclaimed.   The minor defendants and their guardian by demurrers and pleas in bar pleaded the statute of four and ten years limitation and stale demand to the plaintiff's cause of action.   They also pleaded not guilty, and a cross-bill for the removal of cloud and recovery of the land.   All exceptions to the petition were overruled by the court, and on trial by the court, without a jury, judgment was rendered in favor of the plaintiff.

Briefly stated the facts were that on April 3, 1875, E. P. Turner exe-

cuted a deed to John T. Brady which purported to convey to Brady the land in controversy and other lands. This deed was duly recorded August 4, 1875. It was not intended by the parties to the deed that the land should belong to Brady, but that only the legal title should be conveyed to him for the convenience of Turner in making sales and conveyance of the land included in the deed. There was no consideration for the conveyance. Turner was absent a great deal from the city of Houston, where he and Brady resided. They were on intimate terms and had many transactions with each other concerning both real and personal property; and the deed was made in order that the property might be sold as opportunity might present, and to save costs and expenses in forwarding and executing deeds and to save delay and facilitate the handling of the property. Brady never claimed any interest in the land. He made several sales of land included in the deed, and in each case accounted to Turner for the proceeds of the sale. Some of the land included in the deed Turner himself sold. The land was all finally sold by either Brady or Turner. Brady died June 3, 1891. He never made any claim to the property or any interest therein, or sold any of it without accounting to Turner for the proceeds. No possession was ever taken of the land by Brady; nor was it ever taken possession of or inventoried as a part of the property of the estate of Brady or of the plaintiffs in error. There was no reconveyance to Turner by Brady of the property in controversy. Turner conveyed it to George Ramine in 1883, and as a part of Ramine's estate it descended to the defendant Schelling, who sold it to the plaintiff.

The first seven assignments of error presented in the brief of the plaintiffs in error raise questions of limitation and stale demand against the plaintiff's cause of action upon the theory that the plaintiff is not entitled to recover unless he can get rid of the deed executed by Turner to Brady. None of these assignments is well made, because it was shown by the evidence that the beneficial or equitable title to the land in controversy remained in Turner and that Brady was vested with the legal title only to be held in trust for Turner. The conveyance from Turner to Ramine and the subsequent proceedings in partition of Ramine's estate and the deed from Schelling to the plaintiff vested the latter with the equitable title. It is well settled that an equitable title will support an action of trespass to try title for the recovery of land, and that to such an action the limitation of actions for land prescribed by the Revised Statutes will apply. It is immaterial whether the cause of action is legal or equitable. The distinction between the cases cited by the plaintiffs in error in support of their contention that it is necessary for the deed from Turner to Brady to be canceled before the plaintiff can recover, and that the statute of limitation applicable to actions for the recovery of land does not apply, is found in the nature of the conveyances. The transaction between Turner and Brady created an express trust by which Brady held the legal title to the land for the benefit of Turner. James v. Fulcrod, 5 Texas, 512; Miller v. Hatcher,

9 Texas, 482; Brotherton v. Weathersby, 73 Texas, 473; Houser v. Jordan, 26 Texas Civ. App., 398; Mead v. Randolph, 8 Texas, 191.

In the cases relied on by the plaintiffs in error to show that the statute of four years limitation as against the cancellation of a deed would apply, the absolute title had become vested by a conveyance which it became necessary to cancel before a recovery could be had, there being no title whatever, equitable or otherwise, in the party seeking the recovery, as in McCampbell v. Durst, 15 Texas Civ. App., 522, the absolute title had become vested by an administrator's sale and it was held necessary to make a direct attack on the deed. In Railway v. Titterington, 84 Texas, 218, there had been an absolute conveyance passing the land entirely out of the grantors. In Cooper v. Lee, 75 Texas, 114, an absolute conveyance had been made which it was sought to set aside for fraud. An analysis of all the cases cited, as well as others bearing on the same question, will show that in all such cases, while a party may be seeking to establish an equity that would entitle him to recover land, yet that there is in the way of it an absolute conveyance of the title which it is necessary to set aside before a recovery can be had. Thus it conclusively appears that only the limitation of actions for land would apply to the plaintiffs' cause of action, and that the pleas of four years against the cancellation of the deed, ten years against specific performance and that of stale demand, do not apply.

There are other assignments of error as to the title of the plaintiffs in error which are disposed of by the determination already made as to the effect of the deed, and need not be further noticed. As the case was tried before the court without a jury, and there was sufficient legal evidence to support the judgment, it is deemed unnecessary to pass upon the several assignments of error raising questions upon the admission of evidence. The deed from Turner to Brady was made upon an express trust, and while the question is not properly raised it is believed that there was no error in admitting parol evidence to show the trust. This might have been done at common law. The English statute of frauds prohibits it. This statute as carried into the laws of many of the States makes the same prohibition, but as enacted in this State the prohibition is left out. This question is thoroughly discussed in James v. Fulcrod and Mead v. Randolph, supra. In the latter case the facts are very similar to this. We see no reason to tax the plaintiff with the costs of this suit. The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.