## AIRINGTON v. AIRINGTON et al.

No. 9757—Opinion Filed Sept. 28, 1920.

(Syllabus by the Court.)

**Tenancy in Common—Rights Inter Sese— Liability of Tenant in Possession for Rents.**

A tenant in common in possession of the common property, who has received more than her just proportion of rents from third persons, but who is not holding the premises adversely or to the exclusion of her cotenants, is not liable to account to them for their proportion of the rental value of said premises, but must account to them for their proportion of the rents actually received from third persons, after deducting the sums expended for taxes and necessary improvements.

Error from District Court, Grady County; Will Linn, Judge.

Action by William Airington and others against Mrs. Willie Airington, all tenants in common, for partition and for rents and profits. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions.

C. L. McArthur, for plaintiff in error.

Bond, Melton & Melton, for defendants in error.

RAINEY, C. J. In a partition suit filed in the district court of Grady county, Oklahoma, by William Airington, Walter Airington, and James Airington, as plaintiffs, against Mrs. Willie Airington, as defendant, the court entered a decree partitioning the property and also awarding judgment against the defendant for $447.20, as their proportion of the rental value of the premises. No complaint is made of that part of the decree partitioning the property, and the appeal is taken solely by the defendant, Mrs. Airington, from the money judgment against her. Parties will be denominated "plaintiffs" and "defendant," as they appeared in the trial court.

Plaintiffs and defendant were joint owners and cotenants of the land in controversy and the defendant had been in exclusive possession thereof and had collected the rents therefrom for a number of years prior to the institution of the action.

It is the contention of defendant that she was only liable to account to the plaintiffs for their proportionate share of what was actually received by her as rents and profits from third persons, less deductions for taxes and necessary improvements, while the plaintiffs contend that the court properly gave them judgment for their share of the rental value of the premises, after allowing such deductions. This is the only issue in the case.

The authorities universally hold that no means were provided by the common law by which one joint tenant, or a tenant in common, could compel his cotenant, remaining in possession of the common property and who took more than his share of the rents and profits, to account to him for his proportionate share thereof, except where such rents and profits were received by one as the bailiff for the other. 7 R. C. L. 826; Freeman on Co-Tenancy and Partition, sec. 269. See notes to 52 A. S. R. 924; 91 A. S. R. 871; 78 A. D. 665.

This rule had its inception in the theory that cotenants have several and equal rights to possession, and that the entry and possession of one will be presumed to be in accordance with his title; and that presumption continued until some positive act of exclusion occurred. On account of the injustice of this rule the Statute of 4 Anne, chap. 16, was passed to correct the evil, under which the tenants in common out of possession were given the right to prosecute an action against the one in possession who had actually received from a third person more than his share of the rents and profits, so that it was no longer necessary that one tenant in common should take the profits by express authority to make him responsible. If he received more than his just share, he was responsible without appointment for what he received beyond his share. Since the passage of this act it is well settled both in England and in America that a tenant in common in possession is liable to account to his cotenant for the rents and profits that he has received from a third person over and above his just share. McCaw v. Barker, 115 Ala. 545, 22 South. 131; Regan v. Regan, 192 Ill. 589, 61 N. E. 842; Cheney v. Ricks, 187 Ill. 171, 58 N. E. 234; Van Ormer v. Harley, 102 Iowa, 150, 71 N. W. 241; German v. Heath, 139 Iowa, 52. 116 N. W. 1051; Gregg v. Roaring Springs Land & Min. Co., 97 Mo. App. 44, 70 S. W. 920; Ayotte v. Nadeau, 32 Mont. 498, 81 Pac. 145; Lloyd v. Turner, 70 N. J. Eq. 425, 62 Atl. 771; Myers v. Bolton, 89 Hun, 342, 35 N. Y. Supp. 477; Adams v. Bristol, 126 App. Div. 660, 111 N. Y. Supp. 231, affirmed in 196 N. Y. 510, 89 N. E. 1095; Dorrence v. Ryan, 35 Pa. Sup. Ct. 180.

Oklahoma, like many other states, has a statute governing the subject. It is section 3804, Rev. Laws 1910, and reads as follows:

"A joint tenant, or tenant in common, or tenant in coparcenary, may maintain an action against his cotenant or coparcener. or their personal representatives, for receiving

more than his just proportion of the rents and profits."

There are some cases which hold, as contended by counsel for plaintiffs, that the tenant in possession will be held to account for the usable rental value of the premises. These are generally either cases where the tenant in possession holds adversely and excludes the cotenant from coming in, or where the tenant in possession, himself, makes a profit on his own use of the premises, or derives a benefit therefrom, although he does not hold adversely to his cotenant or prevent their coming in. In the latter class of cases some of the courts in this country hold that the basis of accounting is the actual profits made or the usable rental value of the premises. In the instant case the record shows that since the year 1910 the defendant rented the premises to third persons, so this case falls within the general rule, unless counsel for plaintiffs are correct in their contention that defendant was holding the premises adversely or to the exclusion of her cotenants. We do not think the record justifies this claim. It was not the theory of the case, as disclosed by plaintiffs' petition or evidence, nor was such contention made at the trial.

Counsel for defendant offered to prove the amount of rents collected by the defendant from third parties, and to show that the total sum so collected was less than the sum expended by her for taxes and necessary improvements. The court sustained plaintiffs' objection to this offer and permitted them to prove, as their measure of recovery, the rental value of the premises. On account of this error the cause is reversed and remanded, with directions to grant a new trial.

All the Justices concur, except RAMSEY, J., absent.