## MARKUM v. MARKUM. (No. 3059.)

(Court of Civil Appeals of Texas. Texarkana.
May 14, 1925. Rehearing Denied
May 21, 1925.)

**1. Husband and wife ⬅256—Recital in deed held to establish prima facie that property became a part of wife's separate estate.**

Recital in deed that conveyance of property was to the wife "for her separate use and benefit" overcame presumption that title to property passed to community estate between wife and husband, and established prima facie that such property became a part of wife's separate estate.

**2. Husband and wife ⬅256—Property held to belong to community estate, despite recital in deed.**

Where property conveyed to wife "for her separate use and benefit" was paid for with community funds, and recital was placed in deed as result of fraudulent representation by wife to writer of deed that husband agreed thereto, property belonged to community estate.

**3. Husband and wife ⬅264—Evidence held to warrant finding that property was paid for with community funds, and that recital was fraudulently inserted in deed.**

Evidence held to warrant finding that property conveyed to wife by deed reciting "for her separate use and benefit" was paid for with community funds, and that recital was fraudulently placed in deed by her.

**4. Husband and wife ⬅265—Statute of limitations could not be invoked by wife to defeat husband's claim to interest in land deeded to wife.**

In suit for divorce, with cross-action by defendant for one-half interest in land deeded to wife, but claimed to constitute community property, Vernon's Sayles' Ann. Civ. St. 1914, arts. 5672, 5675, being statutes of limitation applicable to suits for recovery of land, could not be invoked.

**5. Husband and wife ⬅272(5)—Limitation of actions ⬅39(5)—Husband not required to set aside or correct deed before suing for interest in community property; 4-year statute held inapplicable.**

Where land, deeded to wife by deed reciting that it was her separate estate, was in fact community property, it was unnecessary for husband to set aside or correct deed before suing for interest claimed, and limitation of 4 years (Vernon's Sayles' Ann. Civ. St. 1914, art. 5690) was inapplicable.

**6. Tenancy in common ⬅28(3)—Tenant holding possession of common property to exclusion of other tenant is liable for rental value thereof.**

One of two tenants in common who takes and holds possession of common property, denying right of other to share in possession and use thereof, is liable to other for rental value of property.

**7. Tenancy in common ⬅28(3)—Wife held liable to husband for one-half rental value of community property from which husband was excluded.**

Wife *held* liable for one-half rental value of community property, after rendition of decree of divorce, where she claimed to be sole owner thereof, and had exclusive use thereof from time of decree.

**8. Tenancy in common ⬅28(3)—Wife held liable for only one-half of rentals received from community estate.**

Wife *held* liable for only one-half of amount of rentals received from community property after divorce, where she did not question husband's ownership of his interest therein, or deny his right to possession and use thereof in common with her.

**9. Limitation of actions ⬅19(4)—Statute of limitations held inapplicable to husband's claim for rentals from community property.**

In suit for divorce, with cross-action by defendant for one-half interest in land and for rentals therefrom, statute of limitations *held* inapplicable as to claim for rentals, where suit was for partition as well as to determine title, and claim of husband for rentals was incidental to partition sought.

Appeal from District Court, Dallas County; Towne Young, Judge.

Suit for divorce by Mrs. I. L. Markum against J. F. Markum, with cross-action by defendant seeking interest in land. From the decree, plaintiff appeals. Reformed and affirmed.

In this suit, commenced by appellant by a petition filed May 8, 1916, each of the parties sought a divorce from the other, and a partition of property belonging to the community estate between them, which included, appellee asserted, a lot and improvements thereon on Harwood street in Dallas, which appellant claimed she owned in her own separate right, and a lot and improvements thereon on Park avenue in said city, and certain personal property. A trial of the suit resulted in a judgment (rendered September 28, 1917) granting each of the parties a divorce, and determining that the Harwood street property, as well as the other property described in the pleadings of the parties, belonged to said community estate. On an appeal prosecuted by the appellant here, the judgment was reversed so far as it determined that said Harwood street lot belonged to said community estate, and the cause was remanded to the district court for a new trial on that issue. In all other respects the judgment was affirmed. See Markum v. Markum (Tex. Civ. App.) 210 S. W. 835. The pleadings of the parties were amended before the trial was had, resulting in the judgment from which this appeal is prosecuted. The issue made by the amended pleadings were as to wheth-

er the Harwood street property belonged to appellant alone or to the community estate of the marriage between her and appellee, and as to the right of appellee to recover of appellant one-half the rental value of said Harwood street property and said Park avenue property from the time intervening between the date of the judgment granting the divorce and the time of the last trial, and the right of appellant to recover against appellee on account of taxes assessed against the property paid by her, and for repairs thereon, etc. It appeared without dispute, in the testimony heard at the trial that the Harwood street property was conveyed by Alice and Arnold Arons to appellant, by a deed dated February 20, 1899, and that the deed contained a recital that the conveyance to appellant was for her separate use and benefit. Special issues—more than 40 of them—were submitted by the court to the jury, and, on findings made, the court · rendered judgment determining that the Harwood street property belonged to the community estate of the marriage· between the parties, and in appellee's favor against appellant for $1,547.97, as the amount the former was entitled to recover of the latter as the rental value of his one-half undivided interest in said Harwood street property and said Park avenue property.

J. J. Fagan, Lewis T. Carpenter, and H. P. Kucera, all of Dallas, for appellant.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The recital in the deed (dated February 20, 1899, and duly filed for record March 9, 1899) from the Arons, that the conveyance of the Harwood street property to ·appellant was "for her separate use and benefit" overcame the presumption which, without it, would be indulged that the title to the property passed to the community estate between appellant and appellee, and established, prima facie, that that property instead became a part of appellant's separate estate. McCutchen v. Purinton, 84 Tex. 603, 19 S. W. 710; Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825. Whether appellee discharged the burden resting upon him to overcome the prima facie case so made in appellant's favor is a question on this appeal. Appellee alleged that the property was paid for with funds belonging to said community estate, and that the recital in question was (quoted from his answer) "the result of fraud and deceit practiced by the plaintiff upon * * * this defendant, and that, but for such fraud and deceit on the part of the plaintiff, said deed would not have been drawn so as to vest the title in the plaintiff for her sole and separate estate, and so as to deprive this defendant of his community interest therein."

And he alleged, further, that he "had no knowledge of the recitals in said deed making the said lot the separate property of plaintiff," and "in good faith believed that the said lot was community property and, so believing, paid the entire consideration for said lot out of community funds."

The specific "fraud and deceit" charged against appellant consisted, it seems, of the fact, as alleged,· that appellant, without appellee's knowledge or consent, induced one Bolanz to have one Murphy (who wrote the deed) to include the recital in question in it by "falsely and fraudulently" representing that he (appellee) had agreed the deed should be so drawn.

[2] On special issues submitted to them, the jury found that the property was paid for with community funds, as charged by appellee, and that appellant falsely and fraudulently made the representation specified, as was further charged by him. Those findings, when considered alone, we think warranted the judgment rendered in appellee's favor, so far as it was that the property in controversy belonged to the community estate between him and appellant. Kearse v. Kearse (Tex. Civ. App.) 262 S. W. 561.; Strickland v. Baugh (Tex. Civ. App.) 169 S. W. 181. In the Kearse Case, where the deed in question contained a recital like the one here, the court said:

"To permit a third party, acting either alone or at the instance of one of the spouses, by the use of apt language, such as is contained in the conveyance under consideration, to change the nature of property from community to that of the separate property of one of the spouses, would sanction the commission of a fraud. To accomplish such a metamorphosis, the spouse whose interest will be affected thereby must assent in some way known to the law."

[3] As we understand appellant, she does not contend to the contrary. Her contention is, it seems, that the findings were not warranted by the testimony. But we think they were. While she testified as a witness that money belonging to her separate estate was used to pay for the property, and that appellee was present and acquiesced in instructions she gave Bolanz to have the deed written as it was written by Murphy, appellee as a witness testified to the contrary—that the entire purchase price of the property was paid out of community funds of the marriage between him and appellant, and that he knew nothing about the proposition to have the deed so written, or that it was so written, until the trial was had resulting in the judgment granting him and appellant a divorce from each other.

[4, 5] It follows we think the judgment was not erroneous so far as it was in appellee's favor for an undivided one-half interest in the Harwood street property, unless appellant's contention that his right to sue therefor was barred by the statute of

limitations should have been sustained. Appellee's cross-action, according to his amended answer, was to recover an undivided one-half interest in the property, on the theory that it belonged to the community estate of the marriage between him and appellant. As against such a recovery by appellee, appellant set up (it is assumed, for there is doubt as to the sufficiency of her pleadings to do so) the statute of limitations applicable to suits for the recovery of land. Articles 5672, 5675, Vernon's Statutes. It seems to be settled that she could not invoke that statute to show that title to the property vested in her separate estate during the time she and appellee were husband and wife. Cervantes v. Cervantes (Tex. Civ. App.) 76 S. W. 790; Simkins Title by Limitation 188, and authorities there cited. On the theory, it seems, that before appellee could be awarded a recovery of an interest in the property as prayed for it was necessary for him to have the deed from the Arons so reformed as to eliminate therefrom the recital that the property thereby conveyed was to be a part of appellant's separate estate, appellant set up the statute of limitations of 4 years (article 5690, Vernon's Statutes) as a bar to the action. It was expressly held, on the former appeal of the case (210 S. W. 835), that (quoting) "it was not necessary to set aside the deed or correct the deed before suing for the interest claimed," and it seems there is abundant authority for the holding. Strickland v. Baugh (Tex. Civ. App.) 169 S. W. 181; Bell County v. Felts (Tex. Civ. App.) 120 S. W. 1065; Nuckols v. Stanger (Tex. Civ. App.) 153 S. W. 932; Craig v. Harless, 33 Tex. Civ. App. 257, 76 S. W. 594; Watson v. Harris, 61 Tex. Civ. App. 263, 130 S. W. 237; Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75; Plummer v. McLain (Tex. Civ. App.) 192 S. W. 571; Holt v. Love (Tex. Civ. App.) 168 S. W. 1018.

On issues submitted to them, the jury found that after the rendition September 28, 1917, of the judgment divorcing appellant and appellee from each other and determining that all the property in controversy belonged to the community estate between them, appellant by "force, threats, or violence" prevented appellee "from using and occupying" the Park avenue property "or any part thereof" for residential purposes. They found further that the rental value of an undivided one-half interest in said Park avenue property during the time appellee "was so prevented from using or occupying the same" was $2,475, but also found that the amount appellant actually received as rentals on that property during that time was only $1,320, and for the time intervening between said September 28, 1917, to the date of the trial was only $1,460. The jury found further that the rental value of the Harwood street property from said September 28, 1917, to the time of the trial was

$3,650, but also found that the amount appellant actually received as rentals on that property during that time was only $2,920. The $1,547.97 adjudged to appellee against appellant was the difference between one-half of the aggregate of the sums found by the jury to be the rental value of the Park avenue and Harwood street properties for times specified and one-half of the aggregate of sums the jury found appellant had paid for repairs on the properties, taxes, etc. With reference to this part of the judgment, appellant presents two contentions. One is that she was liable to appellee, if at all, not for one-half of the aggregate of the rental value of the properties, but only for one-half the aggregate of sums she received as rentals thereon. The other contention is that the statute of limitations of 2 years applied to the recovery sought by appellee against her on account of rents, and, therefore, that the judgment was erroneous so far as it was based on the rental value of the properties for any time except the 2 years' immediately preceding October 19, 1923, when appellee's answer containing the cross-action for such rental value was filed. The contentions will be disposed of in the order in which they have been stated.

[6-8] The law seems to be, when one of two tenants in common takes and holds possession of the common property, denying the right of the other to share in the possession and use thereof, that the one claiming and exercising such exclusive right of possession and use is liable to the other for rental value of the property. Osborn v. Osborn, 62 Tex. 495; Autry v. Reasor, 102 Tex. 123, 108 S. W. 1162, 113 S. W. 748; Stephens v. Hewett (Tex. Civ. App.) 77 S. W. 229; Airington v. Airington, 79 Okl. 243, 192 P. 689, 27 A. L. R. 182, and note beginning on page 184. Therefore we cannot say the trial court erred when he determined that appellant was liable to appellee for one-half the rental value of the Harwood street property, for appellant claimed to be the sole owner of that property, and it seems had the exclusive use thereof from October 28, 1917, the date of the judgment granting the parties a divorce. But we think the court erred when he determined that appellant was liable to appellee for one-half the rental value of the Park avenue property. There was no evidence, as we understand the record, showing that appellant questioned appellee's ownership of an undivided one-half interest in that property, or denied the existence of a right in him to possession and use thereof in common with her. By the law applicable to that state of facts, appellant was not liable to appellee for one-half the rental value of the property, but was liable to him only for one-half the amount she actually received as rentals for the property. Akin v. Jefferson, 65 Tex. 137; Morris v. Morris, 47

Tex. Civ. App. 244, 105 S. W. 242; Eastham v. Sims, 11 Tex. Civ. App. 133, 32 S. W. 359; Airington v. Airington, 79 Okl. 243, 192 P. 689, 27 A. L. R. 182, and note thereto. In making the statement above, we have not overlooked the testimony of appellee as a witness as to conduct of appellant, which he said caused him to abandon use he was making of the property in order to avoid trouble he thought he otherwise might have with appellant. The conduct he attributed to appellant was not inconsistent with a recognition by her of their ownership of the property in common and of his right to share the use of it with her.

[9] We do not think the statute of limitations invoked by appellant was applicable to the recovery sought and obtained by appellee on account of rents. The suit was for partition as well as to determine title. The claim of appellee for rents was incidental to the partition sought, and it is held that the statute of limitations does not apply to an action for partition. Hanrick v. Curley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; In re Wood's Estate, 68 Misc. Rep. 267, 123 N. Y. S. 574.

It follows from what has been said that we think the only error in the judgment is one resulting from the action of the court in allowing appellee a recovery against appellant of one-half the amount (to wit, $2,475) of the rental value of the Park avenue property, instead of one-half the amount (to wit, $730) she received as rentals from that property. The effect of the error was to cause the court to render judgment in appellee's favor against appellant for $1,547.97 as stated, when he should have rendered judgment in appellant's favor against appellee for $197.03. The judgment will be reformed so as to adjudge such a recovery in appellant's favor, and, as reformed, it will be affirmed.