This is an appeal from an order and judgment of the district court of Jackson county appointing an administrator on trial de novo of an appeal from county court.
As an alleged creditor of the estate of F.E. Barrett, deceased, S.E. Hickman, executor of the last will and testament of Charles Munsell, filed his petition in the county court of Jackson county seeking the appointment of an administrator of the estate of the said F.E. Barrett, which petition was denied on the ground that said estate was not subject to administration. Appeal was taken to the district court, where the order of the county court was reversed and judgment rendered appointing one L.B. Yates as administrator and defining his duties and fixing his bond. The widow of the deceased has appealed from that judgment.
Prior to Barrett's death, Hickman, as executor, had filed his final account in the Munsell case showing an alleged debt due from Barrett to Munsell's estate. The county court on due hearing approved the report, ordered final distribution and discharged Hickman and his bondsmen from further duty and responsibility, except Hickman was ordered, as executor, to continue as such for the purpose of collecting the Barrett debt and was required to file another executor's bond before entering upon the latter duty. This was accordingly accomplished, and Hickman as such executor commenced action against Barrett in district court, resulting in judgment for Barrett. The executor appealed to this court and, pending the appeal, Barrett died. Thereupon Hickman, as executor of the Munsell will, filed the petition in the instant case for the appointment of an administrator of Barrett's estate.
The plaintiff in error, referred to herein as protestant, takes the position that Hickman, subsequent to his final discharge as above related, was no longer a creditor of Barrett's estate and was without interest therein sufficient to entitle him to institute administration proceedings upon Barrett's estate. Sections 142, 1135, 1381, O. S. 1931.
That question has been decided adversely to protestant's contention in Hickman v. Barrett, 175 Okla. 262, 52 P.2d 40, and need not be further considered here.
The further contention is made that the district court erred in appointing an administrator of the estate of F.E. Barrett, deceased.
The latter contention is sound and is sustained. By sections 12 and 13, art. 7, of the Constitution, the county court is given original jurisdiction in probate matters, including the power to grant letters of administration, and that jurisdiction is exclusive in said court and the jurisdiction of the district court on appeal in such matters is appellate only (section 16, art. 7, Const.; In re Gentry's Estate, 158 Okla. 196,13 P.2d 156); and on such appeal the issues remain the same as they were in county court and may not be enlarged. Parker v. Lewis, 45 Okla. 807, 147 P. 310; Secrest v. Secrest,146 Okla. 235, 294 P. 91.
Here the issue was whether the county court should assume jurisdiction of the petition and appoint some suitable person as administrator. The district court not only reversed the county court in its decision of that question, but enlarged the scope of the issues by determining who should be appointed, *Page 263 
and in addition thereto assumed original probate jurisdiction and proceeded to make the appointment. The issue was not whether Yates, or any other particular person, should be appointed, but whether under the issues raised in county court some suitable person should be appointed.
Where a probate appeal involves questions of fact, the trial in district court must be de novo and must be conducted as if the proceedings had originated there, and the district court has the same power to decide the questions of fact as did the county court in the first instance (section 1412, O. S. 1931), but, as was said in the Secrest Case, supra:
"On appeal from the county court in probate proceedings, the district court acquires appellate jurisdiction only, and, in the exercise of such jurisdiction, the issues remain the same as in the county court, and amendments which inject new issues on appeal should not be allowed."
Here the district court could only say whether the county court should assume jurisdiction under the petition and appoint a suitable person. Its judgment deciding that question in the affirmative was the extent of its jurisdiction, and thereupon it became such court's duty under section 1416, O. S. 1931, to remand the case to the county court with directions to assume jurisdiction accordingly and proceed to make the appointment.
We therefore hold that on appeal from an order of the county court denying a petition for the appointment of some suitable person as administrator of the estate of a decedent, the district court is without power to make the appointment, but, in event the order is reversed, it becomes the duty of the district court to remand the cause to the county court with directions to assume jurisdiction and make the appointment.
The judgment is reversed and the cause remanded to the district court, with directions to remand the same to county court for further proceedings in accordance with the views herein expressed.
BAYLESS, V. C. J., and BUSBY, WELCH, and PHELPS, JJ., concur.