In re DIXON'S ESTATE.
DIXON et al. v. CLARK, Adm'r.

*97 P. 2d 559.*

No. 28915.    Nov. 7, 1939.

Rehearing Denied Dec. 19, 1939.

Application for Leave to File Second Petition for Rehearing Denied
Jan. 9, 1940.

R. E. Bowling, of Pauls Valley, for plaintiffs in error.

Pruett & Wamsley, of Anadarko, for defendant in error.

GIBSON, J. This controversy arose on the settlement of administrator's final account in the county court of Caddo county.

Plaintiffs in error, as objectors to the account, were placed in the position of defendants in the county court (sec. 1080, O. S. 1931, 58 Okla. Stat. Ann. § 709), but since the parties in error refer to themselves as plaintiffs and defendant, respectively, they will be so designated here.

The estate in question is that of W. A. Dixon, who died testate on May 19, 1934, a resident of said county. His brother, B. S. Dixon, was duly appointed executor and served as such until his death, February 21, 1935. Soon thereafter the defendant Clark was appointed administrator with will annexed of said estate. After administering the estate for some time, Clark rendered and presented his final account and petition for distribution, whereupon the plaintiffs, as legatees, interposed certain objections thereto which form the basis of this proceeding.

The county court denied the objections, and plaintiffs appealed to the district court, where the judgment was affirmed, and this appeal resulted.

Plaintiffs complain of the action of the district court in sustaining defendant's motion to strike their amended objections to the account. These objections were filed with permission of the district court after the cause had reached there on appeal.

Under no circumstances could the striking of the amended objections constitute error. Probate causes are tried de novo on appeal with the issues of fact limited to those determined by the

county court. Section 1412, O. S. 1931, 58 Okla. Stat. Ann. § 735; Talomase v. Kelly, 98 Okla. 212, 225 P. 156; Secrest v. Secrest, 146 Okla. 235, 294 P. 91; In re Barrett's Estate, 181 Okla. 262, 72 P. 2d 482. In the Secrest Case the rule is stated as follows:

"On appeal from the county court in probate proceedings, the district court acquires appellate jurisdiction only, and, in the exercise of such jurisdiction, the issues remain the same as in the county court, and amendments which inject new issues on appeal should not be allowed."

Plaintiffs say, however, that their amended objections either tended merely to explain the real issues or were objections to items of account determined and allowed by the county court on its own motion without opportunity to them to file objections, items of which they were previously unaware in time to challenge. But as to that portion of the amended objections allegedly tending to explain the issues, the plaintiffs are not injured as a result of the court's action thereon. Though it has been held in effect that to permit an amendment explaining, but not enlarging, the issues did not constitute reversible error (In re Spann, 51 Okla. 309, 153 P. 68), yet amendments in such case should not be permitted, for the district court must try the cause on the issues as they appear from the record in county court. If the issues there are not clear, it is the fault of the appealing party. He has a statutory remedy whereby the issues may be clarified if the pleadings and record are deficient in that respect. Section 1080, supra. This applies as well to the decision of the county court aforesaid allegedly rendered on its own motion concerning items not appearing in the final account. The court has inherent power to consider and render judgment on items not formally presented by the account. See In re White's Estate, 175 Okla. 439, 52 P. 2d 1074. Should either party feel aggrieved by the judgment, he may request the court to require that the issue on the particular matter be suitably settled and framed to conform to the judgment rendered. This is necessary

to review of the court's action, for the issues will not be framed in the appellate court. Parker v. Lewis, 45 Okla. 807, 147 P. 310. Section 1080, above, pertaining to the forming of issues in probate trials, provides in part as follows:

"If the issues are not sufficiently made up by the written pleadings on file, the court, on due notice to the opposite party, must settle and frame the issues to be tried, and upon which the court may render judgment."

That provision, when considered in connection with the county court's power to inject new items as aforesaid, places a duty upon the party aggrieved, if he would have the matter retried on appeal, to raise the issue on such items and to see that the issue so raised is properly settled and framed and contained in the transcript. This is necessary, for the court on appeal will not look beyond the written pleadings as contained in the transcript for issues to be tried. In other words, if nothing appears in the transcript to show that an issue was raised concerning an item allowed but not appearing in the account, objection thereto is waived and the decree of the county court to that extent is final.

Plaintiffs assign as error the action of the trial court in not requiring defendant to render full account of the property belonging to a partnership existing between the deceased and his brother, B. S. Dixon. It is urged in this connection that the present estate was not ready for final settlement and distribution without a complete accounting of the partnership affairs between the defendant and the personal representatives of the estate of B. S. Dixon.

Upon the death of B. S. Dixon, his estate, together with the partnership assets, passed into the hands of his executor, the First National Bank & Trust Company of Oklahoma City. The bank rendered on behalf of its testator's estate what it termed a final account in the estate of W. A. Dixon, and turned over to defendant the assets therein reported as due the estate. Later the bank

delivered to defendant a certain sum representing the amount due the W. A. Dixon estate as ascertained by an accounting between defendant and said bank. This sum was duly reported and accounted for in the account here under consideration.

Whether the aforesaid partnership accounting was full and complete is of no concern on this appeal. Under the circumstances shown to exist, defendant's only duty in this respect was to report the assets received from the partnership and to account for same. All debts of the estate and all specific legacies were paid, or there were ample funds on hand to pay such debts and legacies. In such case the administrator is not required to pursue and collect other assets in the hands of other parties. There is no statute that would require postponement of final distribution until all assets of the estate are ascertained and collected. State ex rel. Reirdon v. County Court of Marshall County, 183 Okla. 274, 81 P. 2d 488, 490. In circumstances as here disclosed the estate may be closed and those persons entitled as heirs or devisees to the uncollected claim or assets may pursue the same and maintain appropriate action to recover. In this case the plaintiffs must look to their remedy in accounting if in fact no complete and final accounting of the partnership property was had.

It is true that the county court may require the surviving partner to render to the personal representatives of a deceased partner an inventory and appraisement of the partnership property, may require bond of him to guarantee faithful disposition of such property and issue attachment to recover the share of the deceased (sec. 1197, O. S. 1931, 58 Okla. Stat. Ann. § 255), but neither the county court nor the district court on appeal may force an accounting. Such case is exclusively of equitable cognizance. State ex rel. Reirdon v. County Court of Marshall County, supra.

Plaintiffs say the compensation of $6,000 allowed the administrator was excessive.

An administrator is entitled to commission upon the amount of the whole estate accounted for by him, excluding all property not ranked as assets. Section 1332, O. S. 1931, 58 Okla. Stat. Ann. § 527. The commission to be allowed is a certain percentage graduated according to the value of the estate accounted for. The court may also allow compensation for extraordinary services in a sum not to exceed the allowable commission. The appraisement valued the assets at $222,628.66. So far as we are informed, the defendant accounted for every item going to make up the total, except the appraised value of the partnership property. The appraisement placed a value of $55,019.06 on W. A. Dixon's share therein. Defendant accounted for only $30,000 of that item, leaving the value of the estate accounted for at $192,628.60. The allowable commission on this sum was $4,940.71. The court therefore allowed $1,059.29 in addition to the statutory commission. We are not definitely informed whether the latter sum was allowed for extraordinary services. There were such services performed by defendant, among them the supervising the erection of a $25,000 Masonic temple under direction of the will. We are to presume that the $1,059.29 was allowed as compensation for that and other such service, and must sustain the allowance, since it is not shown to be excessive, and is within the fees allowed by statute.

Objection is made that the fee allowed the administrator's attorneys was excessive.

No sufficient reason is advanced why such fee was excessive. The record in this case would indicate that the attorneys were no more than reasonably compensated for the services performed.

Plaintiffs make some objection to the alleged final account aforesaid filed by the First National Bank & Trust Company on behalf of their testator, B. S. Dixon.

No objection was made in county court to this account, and the same will receive no further consideration here, ex-

cept, we may say that if the accounting of the ʰbank was unsatisfactory, a court of equity alone had power to adjust the same. In re Estate of Curtiss, Deceased, 65 Cal. 572, 4 P. 578. ·

Certain items of account ·and other acts of the defendant are referred to in the briefs as being insufficiently explained by the defendant. Evidently these matters were understood by the two lower courts at the time each approved the account. We find no sufficient reason set out in the briefs nor evidence in the record to warrant our indifference to the presumption that those courts understood the matter and were correct in their deductions.

We have examined the record and find that the judgment of the district court conforms to the clear weight of the evidence.

Judgment affirmed.

BAYLESS, C. J., and HURST, DAVISON, and DANNER, JJ., concur. ·