NEUSTADT, Ex'r., v. DAUBE et al.

No. 30661.  June 16, 1942.

*126 P. 2d 999.*

W. W. Potter, of Ardmore, for plaintiff in error.

Wm. G. Davisson, of Ardmore, for defendants in error.

DAVISON, J. This action was instituted in the district court of Carter county by Sam and Dave Daube, as the surviving partners of the partnership of Westheimer & Daube, for the purpose of obtaining an order from said court to sell the remaining assets of said partnership at public sale under the direction and supervision of that court. Walter Neustadt, executor of the estate of Max Westheimer, the deceased partner, was made a party to the action. The court entered its judgment ordering the sale of said assets, from which judgment Neustadt, as such executor, has perfected his appeal. The parties will hereinafter be designated as "surviving partners" and "executor."

Stated briefly, these are the facts: The firm of Westheimer & Daube was a partnership consisting of Max Westheimer, Sam Daube, and Dave Daube, each of whom owned an equal part of said firm; the assets of the firm consisted solely of notes and accounts; Westheimer died some two years before the institution of this action and left Sam and Dave Daube as the sole surviving partners of said partnership; Walter Neustadt is the legal executor of the estate of Max Westheimer, the administration of which is pending in the county court  of Carter county, Okla.; that over the two-year period the surviving partners endeavored to collect these notes and accounts and at the time of the institution of this action the greater part of the notes and accounts had been collected.

The surviving partners filed this action on the theory that they had been liquidating the affairs of the partnership as rapidly as possible, and that since, as they alleged, the residue of the notes and accounts was more or less of questionable value, the partnership assets could be best liquidated by offering them for sale, as a whole, at public outcry to the highest bidder for cash, so

that the affairs of the partnership could be successfully, properly, and timely wound up and the proceeds properly distributed. Under this theory, the surviving partners alleged that the assets had been reduced to such a point that their collection would henceforth be a slow and tedious job, requiring the filing of many suits which would require considerable expense, and unnecessarily delay the liquidation and closing of the affairs of said firm. They further alleged that such a sale under the direction of the court would be for the best interests of all parties concerned.

To the petition of the surviving partners, the executor filed his motion to dismiss on the grounds that the district court did not have jurisdiction of the subject matter. This motion was overruled. Thereafter a demurrer was filed by the executor on the grounds that the court had no jurisdiction of the subject matter, and that said petition did not state facts sufficient to constitute a cause of action against the executor. This demurrer was overruled. The evidence of the surviving partners was thereafter heard by the court, and at the close of the surviving partners' case the executor demurred for jurisdictional reasons. This demurrer was also overruled and the executor rested and stood on his demurrer. Exceptions to the above rulings of the court were properly saved.

The evidence on behalf of the surviving partners was to the effect that the firm of Westheimer & Daube had been engaged in the mercantile business for many years, but that such business was terminated in June, 1938, prior to the death of Max Westheimer in December, 1938; that at the termination of the mercantile business there was left to the firm as assets only the notes and accounts of the firm. These notes and accounts were in the process of collection since the time of the termination of the mercantile business. Most of said notes and accounts had been collected prior to the institution of this action. However, a considerable amount remained uncollected. The evidence fur-

ther disclosed that the surviving partners had used various means in the collection of said assets, including the hiring of a regular collector whose duty it was to see all of the debtors as often as convenient and practicable. The evidence further disclosed that all of the accounts involved herein had been turned over to an attorney who testified that he wrote all creditors demanding payment of their indebtedness but that these letters accomplished practically no results. Evidence was also introduced to the effect that it would be to the best interests of all concerned if an order as prayed for was made by the court.

At the conclusion of the evidence the trial court entered its judgment in favor of the surviving partners and in said judgment authorized and directed the surviving partners to sell all of the remaining assets of the firm, as shown by the itemized lists of notes and accounts which were attached to the pleadings, at public sale. In said journal entry the trial court provided the rules and methods of sale, including a reasonable time and place of sale and requiring publication and posting of notice of sale.

We are of the opinion, and so hold, that there was ample evidence to support the holding of the trial court.

This now brings us to the main question involved herein. The executor contends that the court did not have jurisdiction of the subject matter of the action, and that the county court of Carter county, Okla., is the only court having jurisdiction of the subject matter. In support of this contention the executor calls our attention to 58 Okla. St. Ann. § 255, and to sections 12 and 13 of article 7 of the Oklahoma Constitution. Neither of these citations is applicable, for the reason that the notes and accounts of the partnership did not pass to and become assets in the hands of the executor.

The executor is of the opinion that the case of Dillard et al. v. Franklin et al., 177 Okla. 34, 57 P. 2d 629, is decisive of the jurisdictional question herein presented. We cannot agree with this contention. That case deals with prop-

erty in the hands of an executor or administrator where the estate is still in the process of administration. The property involved was the individual property of the decedent which had passed to his executor. In the case at bar the assets did not pass to the executor, but definitely, under the laws of this state, the assets, being assets of a partnership, passed to the surviving partners in trust, for the purpose of liquidation. 54 Okla. St. Ann. § 54 provides as follows:

" . . . On the death of a partner, the surviving partners succeed to all the partnership property, whether real or personal, in trust for the purpose of liquidation, even though the deceased was appointed by agreement sole liquidator; and the interest of the deceased in the ultimate distribution of the partnership assets passes to those who succeed to his other personal property."

The above section of the statute was construed in the recent case of Mc-Cleary v. Brown, 190 Okla. 19, 119 P. 2d 830, 137 A. L. R. 1018. There it was held that the statutory right of a surviving partner to succeed to all partnership property in trust for purpose of liquidation is exclusive. That case also held that an administrator of a deceased partner's estate had no right to interfere with acts of surviving partner in closing up the affairs of the partnership, but that if the surviving partner failed to act, the administrator could apply to a court of equity for a receiver to take charge of the property and proceed with the liquidation. See, also, Riddle v. Whitehill, 135 U. S. 621, 34 L. Ed. 282; First National Bank of Amarillo v. Rush (Tex. Com. App.) 210 S. W. 521; In re Dixon's Estate, 186 Okla. 308, 97 P. 2d 559; 20 R. C. L. p. 1013, § 256.

The surviving partners having held the assets involved herein in trust for the purpose of liquidation, and the present action being an equitable proceeding by the surviving partners under the equity jurisdiction of the district court, we conclude, and hold, that the district court was the court of proper jurisdiction.

The judgment is affirmed.

WELCH, C. J., and OSBORN, BAYLESS, and GIBSON, JJ., concur. CORN, V. C. J., and RILEY, HURST, and ARNOLD, JJ., absent.