## McILLWAIN v. BILLS.

No. 34853. April 1, 1952.

*242 P. 2d 707.*

Wilson & Wilson, Frederick, for plaintiff in error.

Roe & Roe, Frederick, for defendant in error.

HALLEY, V. C. J. Maudie Bills filed an action against James Clovis McIllwain and others in the district court of Tillman county, alleging that she was the surviving partner of Jimmie McIllwain, who died January 29, 1943. She alleged the ownership of certain real and personal property consisting of one Jersey cow, one walk-in meat box, cash in the bank, United States Bonds, two automobiles, certain cafe fixtures, and certain real property, in which plaintiff and defendant have an admitted undivided one-half interest each.

The defendant, who will be so referred to herein, is the only other interested party. He filed an answer which, insofar as it concerns the issues here involved, alleges that he is the sole and only heir of Jimmie McIllwain, deceased; that Jimmie McIllwain left certain real property which was an asset of the partnership, and that it was the duty of said Maudie Bills to account for all proceeds arising from the rentals of said real property, including a reasonable rental value for the premises occupied by her as a home.

The evidence discloses without contradiction that the plaintiff and Jimmie McIllwain owned and operated a small lunch room from the year 1934 until the death of Jimmie McIllwain in 1943, after which plaintiff continued to operate the lunch room alone; that all of the personal property owned by them jointly, with the exception of some of the fixtures in the lunch room, was disposed of and due credit given to the partnership for such property; that the real property consisted of lots 1 and 2 in block 24 in South addition to Frederick, which was used as a home, and lots 11 and 12 in block 14 in Holloman addition to Frederick.

There is no need to review the evidence from the inception of the small business, which commenced with an advancement of $30 by plaintiff in the year 1934. Jimmie McIllwain was an invalid most of the time and plaintiff ran the business and helped care for him. Plaintiff and Jimmie McIllwain and his son, the defendant, lived together in the home until the death of Jimmie McIllwain. This home was acquired by them after 1934. They also acquired the property last above described, which they rented.

The trial court found that at the time of the death of Jimmie McIllwain there were due certain debts owed by plaintiff and Jimmie McIllwain jointly; that

plaintiff paid the sum of $4,669.31 on the debts of the partnership, of which $2,539.89 was paid from the remaining assets of the partnership, leaving $2,129.42 paid from personal funds of the plaintiff, of which the court awarded her one-half; that she paid other indebtedness, including funeral expenses of Jimmie McIllwain, and rendered personal services, totaling $1,751.03. The court rendered judgment for plaintiff against defendant for $2,815.74.

This judgment is amply sustained by the evidence, and no question is raised thereon so far as the correctness of the items charged by plaintiff is concerned. The defendant presents one single specification of error in two general propositions: namely, that the court erred in not assessing a reasonable rental value for the use and occupancy of lots 1 and 2 in block 24, South addition to Frederick, the place used by plaintiff as a home. Defendant has fixed this amount at $1,120. He cites in support of this proposition Taliaferro v. Reirdon, 191 Okla. 43, 126 P. 2d 696; McCleary v. Brown, 190 Okla. 19, 119 P. 2d 830; Neustadt, Ex'r, v. Daube, 190 Okla. 694, 126 P. 2d 999; and 54 O. S. 1951 §54. The above section of the statute reads as follows:

"A partner authorized to act in liquidation may indorse, in the name of the firm, promissory notes, or other obligations held by the partnership, for the purpose of collecting the same, but he cannot create any new obligation in its name, or revive a debt against the firm, by an acknowledgment, when an action thereon is barred under the provisions of civil procedure. On the death of a partner, the surviving partners succeed to all the partnership property, whether real or personal, in trust for the purpose of liquidation, even though the deceased was appointed by agreement sole liquidator; and the interest of the deceased in the ultimate distribution of the partnership assets passes to those who succeed to his other personal property."

None of the cases above cited involved any real property, and the statement contained in those cases, copied from the above section of the statute, is merely incidental to the holding that a surviving partner has the right of possession during liquidation of the partnership affairs. This is a statute specifically providing for such liquidation. None of these cases conflict with the general rule as to ownership of real property. This rule is that in the absence of a contrary showing it is presumed that the property is owned in cotenancy. Sanguin v. Wallace, 204 Okla. 28, 234 P. 2d 394. In Airington v. Airington, 79 Okla. 243, 192 P. 689, it is held that it is not the duty of a cotenant to account for rents unless rents are collected.

Defendant cites and relies upon certain cases holding that a partnership may own and possess real property and that it is the duty of a partner to account for the proceeds therefrom. Among them is Woodward-Holmes Co. v. Nudd, 58 Minn. 236, 27 L. R. A. 340. The evidence discloses without dispute that plaintiff accounted for all rents from the only real property owned jointly by her and Jimmie McIllwain which was bringing in revenue. The home place in which plaintiff, defendant, and Jimmie McIllwain lived was never operated as partnership property and the rule of law applicable in the above-cited cases is not applicable to this property used as the homestead. It was never intended to produce and never did produce any revenue and was not a source of income. The trial court ruled correctly in finding that it was not the duty of plaintiff to account for any rents or make any payment of rent for the use of said home.

In connection with the second proposition, in which defendant reiterates that rents should have been charged for the use of the home, it is stated that certain improvements were made on the home place, and that if plaintiff, as the surviving partner, is not liable to account for rent, it is improper to allow these repairs. The repairs to the real property, being made by a cotenant and not appearing to be unreasonable,

inure to the benefit of defendant as well as plaintiff. We find no error in this respect.

The judgment is affirmed.