Marie RODESNEY, Executrix of the Will of C. A. Rodesney, Deceased, Plaintiff in Error,

v.

Adelene HALL, Administratrix of the Estate of Fred Rowlett, Deceased, et al., Defendants in Error.

No. 37225.

Supreme Court of Oklahoma.

Feb. 12, 1957.

**132**

Twyford, Smith & Crowe, Oklahoma City, for plaintiff in error.

Merson & Campbell, Oklahoma City, for defendants in error.

JACKSON, Justice.

Marie Rodesney, Executrix of the Will of C. A. Rodesney, Deceased, plaintiff below, obtained a judgment in her favor in the sum of $859.24 against the defendant below, Adelene Hall, Administratrix of the Estate of Fred Rowlett, Deceased, et al., and perfects this appeal to review the judgment for the inadequacy of the amount recovered. Other parties named as defendants have either disclaimed or were dismissed from the action upon plaintiff's motion.

. For convenience we refer generally to the plaintiff in error, as plaintiff, or as Rodesney, and to the defendant in error, as defendant, or Rowlett, at they appeared in the trial court.

Plaintiff's petition alleged that Rodesney and Rowlett were the owners of an undivided one-half interest each in two lots located at 29th and South Harvey streets in Oklahoma City; that the "continued ownership of said land is impracticable" and prayed that the lots be partitioned and that Rowlett make an accounting of rents and profits received by him therefrom.

Defendant answered plaintiff's petition by alleging that the parties were tenants in common of the property and joined in plaintiff's prayer that the lots be partitioned.

By an amendment, plaintiff alleged that defendant, under the terms of a written contract, dated September 8, 1926, became a trustee of an express trust, and as such trustee should account for the reasonable rental value or profits from said lots from September 8, 1926, to the date of the trial in 1953.

The Contract of September 8, 1926, is as follows:

"Agreement made and entered into this 8th day of September, 1926, by and between Fred Rowlett, hereinafter called first party, and C. A. Rodesney, hereinafter designated as second party. Witnesseth:

"That, Whereas, the first party and the second party are both claimants to the following described real estate situate in Oklahoma County, State of Oklahoma, to-wit:—

Lots Twenty-three (23) and Twenty-four (24) in Block Thirty-four (34), Capitol Hill Addition to Oklahoma City, according to the recorded plat thereof; and

"Whereas, the parties hereto are desirous of settling their conflicting claims as to said property,

"Now, Therefore, it is agreed that the second party will make, execute and deliver a good and sufficient deed to first party, conveying the above described premises, and the first party agrees to accept said deed and to hold and sell the property on the terms hereinafter mentioned, that is to say:

"It is agreed that said property is of the value of at least $1800.00, and the first party will sell said lots at any time he is able to obtain as much as the sum of $1800.00 therefor; first party further agrees to obtain and surrender all of the outstanding tax sale certificates on said property which will leave the taxes on the same paid for the years including 1923 and prior years, and leaving the 1924 and 1925 taxes unpaid which are estimated to be about the sum of $35.00.

"It is further agreed that out of the proceeds of the sale of said lots and at the time of the sale, all taxes subsequent to the year 1923 will first be

paid, that then out of the proceeds the first party shall be first entitled to receive the sum of $1000.00, that then the law firms of Twyford & Smith, and Hoyt & Stephens, will each be paid the sum of $100.00, making an aggregate of $200.00, that then the second party shall receive the sum of $500.00, that then the excess, if any, shall be equally divided between the first party and the second party.

"It is further understood and agreed that whenever a bona fide purchaser for the sum of $1800.00 is obtained who is ready, able and willing to pay or secure said sum of money, that the first party will sell the same, unless the parties hereto agree to hold the property for higher figure. It is further understood and agreed in case said property is sold and a mortgage is taken back for a portion of the purchase price, that the cash obtained at the sale will be divided in an equitable manner and the proceeds of the mortgage so taken, when collected, will be divided in accordance with this contract. The parties thereto each undertake and agree to use their best efforts to effect a sale of the above described property as quickly as possible, and for such efforts neither party shall be entitled to compensation as commission or otherwise.

"In Witness Whereof the parties have hereunto set their hands the day and date first above written.

"(S) Fred Rowlett
First Party.

"(S) C. A. Rodesney
Second Party."

The trial court referred the case to a Referee for findings of fact and conclusions of law. Thereafter the findings and conclusions submitted by the Referee were approved by the trial court and a judgment entered in favor of the plaintiff in the amount of $859.24, which sum represents the rents and profits received by Rowlett, and not previously accounted for.

The property covered by the contract was sold in partition proceedings by order of the court, at public auction, on June 15, 1955, for the sum of $25,100. The sale was confirmed and the proceeds thereof distributed to the administrators of the respective parties in conformity with the terms of the contract referred to.

The appeal taken by the plaintiff presents only the question of the adequacy of the amount of the judgment. Plaintiff contends that Rowlett, as a trustee of an express trust, should account for the reasonable rental value of the property from the date of the contract to the date of the trial.

An examination of the contract does not support that contention. We find no provision in the contract under which Rowlett was burdened with any duty or obligation to rent or lease the premises and collect and account to Rodesney for rents and profits from the property. The contract provided that Rowlett should sell the lots whenever he found a purchaser willing and able to buy the lots at as much as $1,800, and that he should sell at that price unless the parties mutually agreed to hold the property for a higher figure. The contract also provides that each party should use his best efforts to sell the property as quickly as possible.

In 1929, Rowlett procured a purchaser willing and able to buy the lots for the sum of $1,900, but the sale was not consummated as Rodesney refused to approve the sale, or join in a deed of conveyance. Thereafter no effort was made by either party to sell the property.

In 1946, Rowlett leased the lots for the period of a year for the erection of a commercial sign. In 1947, he leased the lots to Mr. Wood for a used car lot, and that lease was renewed from year to year and was in effect at the date of the trial.

The trial court found that Rowlett received rentals under the agreement with Wood in the amount of $5,230, and disbursed various sums for taxes and improvements in the sum of $3,511.52, leaving a net balance in his hands in the sum of $1,718.48.

Thereafter a judgment was rendered in favor of the plaintiff for one-half of said amount.

The plaintiff in the trial court contended, and here asserts, that from 1946 to the date of the trial, that Rowlett, under the contract referred to, was a trustee of a resulting trust, and by reason of that relationship should be compelled to account to the plaintiff for the reasonable rental value of the property in the amount of $15,900.

In opposition to that contention, defendant asserts that Rodesney and Rowlett were tenants in common, and that Rowlett as a tenant in common in possession was not liable to his cotenant out of possession for more than one-half of the actual rents or profits received by him.

As we view the findings and conclusions of the trial court, it is immaterial whether the relationship of settlor and trustee, or tenant in common, should be here applied. This for the reason that the facts as disclosed would lead to the same conclusion and disposition of the case made by the trial court.

This view of the case is based upon the trial court's finding that the lease contract, entered into by Rowlett with Wood, was for a fair and reasonable consideration at that time, and was entered into in good faith by Rowlett.

Plaintiff does not challenge the correctness of the finding as to the actual rents or profits received by Rowlett, or the reasonableness and necessity of the disbursements made by him.

We find nothing in the record which would compel the trial court to believe that Rowlett could have obtained a greater rent or profit from the lots than received by him. We therefore hold that plaintiff's contention that her estate is entitled to share in a sum greater than was collected in rentals cannot be sustained.

Under the record herein, it is established that Rodesney and Rowlett were tenants in common of the property, each owning an undivided one-half interest therein.

Where, as here, the primary purpose of the contract (the sale of the lots) was abandoned by mutual consent the contracting parties continued to own the property as tenants in common.

A tenant in common who does not hold adversely to his cotenant, or exclude his cotenant from the property, can only be held to account to his cotenant for rents actually received from third persons, after deducting the sums expended for taxes and necessary improvements. 41 O.S.1951 § 21; Airington v. Airington, 79 Okl. 243, 192 P. 689, 27 A.L.R. 182; McIllwain v. Bills, 206 Okl. 238, 242 P.2d 707.

As the judgment of the trial court is not against the clear weight of the evidence, the judgment must be affirmed. Dunkin v. Rice, 197 Okl. 150, 169 P.2d 210; Leeson v. Brooks, 199 Okl. 139, 184 P.2d 762.

In an equity case, the trial court's judgment carried with it a finding of all facts necessary to support the judgment and would not be set aside unless clearly against the weight of the evidence. Sanco v. Downey, 198 Okl. 504, 181 P.2d 562.

We find no reason to disturb the court's judgment that the costs be divided equally between the parties. Taxation of costs in a case of equitable cognizance is largely a matter of discretion with the trial court and should not be set aside in the absence of a showing of an abuse of discretion. Bosworth v. Eason Oil Co., 202 Okl. 359, 213 P.2d 548.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS and CARLILE, JJ., concur.