## PATTISON v. PATTISON.

No. 34926.   July 15, 1952.

Rehearing Denied July 29, 1952.

247 P. 2d 514.

George L. Hill and Kirksey Nix, McAlester, for plaintiff in error.

Guy L. Andrews and Gene Stipe, McAlester, for defendant in error.

O'NEAL, J.   This is an action brought by Maud Pattison in her own right and as administratrix of the estate of Earl Pattison, deceased, against Roy Pattison to recover damages for alleged wrongful conversion of certain property belonging to the estate of deceased.   According to the allegations contained in the petition the property alleged to have been converted consisted of a farm wagon and crops raised by defendant for the years 1948 and 1949 on land jointly owned by defendant and deceased.   Plaintiff in her petition claims additional damages because of an alleged interference and wrongful prevention of the sale of a truck jointly owned by defendant and deceased.   She also asks for exemplary damages.

Plaintiff administratrix was the wife of deceased and defendant was his brother.

Defendant in his answer admits taking possession of and using the farm wagon.   He, however, alleges that he was the sole owner of the wagon; that neither plaintiff nor the estate of deceased had any right, title or interest therein.   He admits that he farmed the jointly owned land for the years 1948 and 1949, and that he raised certain crops on the land for these years.   He, however, alleges that he only sold such portion of the crops as belonged to him and that he did not sell or convert to his own use any part of the crops belonging to the estate of deceased.

The trial court on motion of defendant struck from plaintiff's petition the paragraph thereof claiming exemplary damages.

The trial was to a jury resulting in a verdict in favor of plaintiff in the sum of $530.   Defendant appeals.

Among other things, it is contended by defendant that assuming he had converted certain portions of the crops raised in 1948 and 1949 belonging to the estate, the evidence is wholly insufficient from which the jury could have found the amount of crops raised on the jointly owned land during such years, and wholly insufficient from which the jury could have computed damages.

Plaintiff testified that her husband died in October, 1948; that at the time of his death he and defendant were the joint owners of a farm situated in

Latimer county. She did not know how many acres were contained in the farm. The undisputed evidence, however, shows that the farm consisted of 212 acres and that 90 acres thereof were in cultivation. She further testified that two bins were erected on the farm, one being known as the west bin and the other as the east bin; that defendant farmed a portion of the land for the years 1948 and 1949; that in the year 1948 he planted the land to corn; that he raised a crop of corn thereon, one-half of which belonged to the estate of deceased and the other half belonged to defendant. Defendants gathered the corn and placed it in the west bin. She did not know the exact amount of corn gathered but she testified that the bin was full and offered evidence tending to show that the bin would hold 458 bushels of ear corn. She further testified that prior to his death deceased had purchased 200 bushels of corn from one of his tenants and also placed the same in the west bin. She further testified that defendant removed from the west bin and sold practically all the corn; that he converted the proceeds thereof to his own use and that she received no part thereof.

Defendant testified that he did farm part of the land in question for the years involved, and that in the year 1948 he raised a crop of corn on part of the land and admits that one-half of the amount so raised belonged to the estate of deceased. He testified that in the year 1948 he gathered and placed in the west bin 320 bushels of jointly owned corn, one-half of which belonged to him and the other half belonged to the estate of deceased. He, however, denied that he removed or sold any portion of the corn belonging to the estate; that he only removed from the bin and sold 165 bushels thereof, or one-half of the corn placed in the bin. Plaintiff, however, testified that he removed from the bin and sold practically all of the corn. The evidence is undisputed that in addition to the 165 bushels of corn which was placed in the bin and belonged to the estate of deceased there was an additional 200 bushels of corn placed therein which was purchased by deceased prior to his death. Under this evidence the jury might have found that there was contained in the bin 365 bushels of corn belonging to the estate of deceased and that defendant removed from the bin and sold all the corn and converted the proceeds thereof to his own use. It is admitted that the market value of the corn at the time it was disposed of by defendant was $1.25 per bushel. From these figures the jury could have found damages in favor of plaintiff for the removal and conversion of the corn for the year 1948 in the sum of $466.

Plaintiff further testified that defendant farmed part of the land for the year 1949 and that he raised some cotton, tomatoes and hegari on the land. She did not know the amount of the crops raised but testified that defendants sold all of the crops so raised and that she received no part of the proceeds derived therefrom; that the estate of deceased was entitled to one-half of the proceeds. Defendant in his testimony admitted that he raised on the land for the year 1949, cotton, tomatoes and hegari but that the crops so raised belonged entirely to him. He contends that in an action brought by deceased prior to his death in the district court of Latimer county, growing out of joint ownership of the land, the court entered an order setting aside to him for farming purposes the tract of land farmed by him in 1949, and that the balance of the land was set apart to be farmed by deceased. He attempted to so testify. Counsel for plaintiff denied that such order was ever made by the district court of Latimer county and objected to defendant so testifying on the ground that the order itself was the best evidence and proof of its existence could only be made by the production and introduction of the order itself. The trial court sustained the objection and excluded the evidence and defendant made no

attempt to obtain and introduce in evidence such order. No complaint is now made as to such ruling. Defendant offered no other evidence to establish such contention.

Defendant admits that he sold all of the crops raised by him in 1949 and paid no part of the proceeds thereof to plaintiff administratrix. He testified that he received net from the sale of all of the crops the sum of $690. It is conceded by all of the parties that the land farmed by defendant in 1949 was jointly owned land. Plaintiff contends under the evidence in this case one-half of the net amount received from the sale of the crops, or $345, belonged to the estate of deceased. The jury would have been authorized to find from the evidence that plaintiff was entitled to recover from defendant for the conversion of the estate's share of the crops for the years 1948 and 1949 the sum of $811. It returned a verdict in her favor in the sum of $530. The evidence is clearly sufficient to support the verdict and the contention of defendant to the contrary cannot be sustained.

Plaintiff offered evidence tending to establish other allegations of damages claimed in her petition. Much of this evidence was introduced over the objection of defendant. This ruling is also assigned as error by defendant. It is apparent from the face of the verdict that the jury in arriving at its conclusion considered only the element of damages claimed by plaintiff for the conversion of the crops for the years 1948 and 1949, and allowed no recovery for any other element of damages claimed by plaintiff. Therefore, had the trial court excluded the evidence objected to it is apparent that the result would have been the same. The error, if any, in admitting the evidence to which defendant objected is therefore harmless.

In addition to the evidence offered by defendant as to the amount of jointly owned corn placed in the west bin for the year 1948, he offered to testify from memoranda made by an engineer who had measured the bin as to the amount of corn the bin would hold. The engineer did not appear to testify or identify the memoranda. Plaintiff was not present when the memoranda was made and had no knowledge as to the facts stated in the memoranda. The court on objection of counsel for plaintiff excluded this evidence. We think the ruling correct.

In 70 C. J. page 586, § 753, it is said:

"A witness should not be allowed to testify to facts of which he is without present or past recollection and which are brought to his mind for the first time by the memoranda of another person."

Judgment affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.