Lyle A. MANOR and Ruby V. Manor, for and on behalf of John Riley Merrick and Kathryn Emogene Merrick, Plaintiffs in Error,

v.

Beulah Mae LILES, Luella Crowl and the Unknown Heirs, Executors, Administrators, Devisees, Trustees and Assigns of Martha Ousley, deceased, Willam H. Ousley, deceased and Ella New, Nee Ousley, deceased, Defendants in Error.

No. 37698.

Supreme Court of Oklahoma.

Nov. 19, 1957.

Rehearing Denied Dec. 17, 1957.

F. C. Swindell, Tulsa, for plaintiffs in error.

Crowe & Thieman, Harry M. Crowe, Jr., Tulsa, for defendants in error.

DAVISON, Justice.

This is a suit wherein the plaintiffs, Lyle A. Manor and Ruby V. Manor, seek a decree, against the defendants, Beulah Mae Liles and Luella Crowl, adjudging said plaintiffs to be the sole owners of the entire fee simple title to a certain lot in a rural subdivision near Tulsa, Oklahoma, and quieting their said title thereto. Subsequent to the filing of the petition, the plaintiffs conveyed the property to, and continued the litigation for the benefit of John Riley Merrick and Kathryn Emogene Merrick, who were made parties to the same on motion of the original defendants. The parties will be referred to as "plaintiffs" and "defendants" as they originally appeared in the trial court.

Although a different version of the facts, relative to kinship, is contained in the pleadings and brief of each of the parties, the relevant facts will be set out as they were found to exist in the findings of the trial court, contained in the judgment, and which were amply supported by the evidence. One Martha Ousley was the owner of the subject lot at the time of her death in 1935. She died intestate and left as her sole and only heir, her son, Wm. H. Ousley. In 1940, the lot was struck off in the name of the county at tax resale and a proper tax resale deed was executed to the Chairman of the Board of County Commissioners, who pursuant to regular statutory proceedings conveyed the same, by Commissioner's deed to the said Wm. H. Ousley. Subsequently and in April, 1951, he died intestate leaving as his sole and only heirs at law, his wife, Lula Ousley, and the defendants above named who were his grandchildren, being the children of his deceased daughter, Etta Ousley New. About a month later, the said Lula Ousley conveyed to plaintiff's grantors. This litigation, then, resolves itself into a determination of the respective rights of the widow and her grantees and the rights of the grandchildren in the property in question at the time of the death of Wm. H. Ousley.

Plaintiffs base their right to the relief sought upon allegations that the said Wm. H. Ousley purchased the property at tax resale with money given to him for that purpose by his stepson, a son of Lula Ousley by a former marriage, with the understanding that it was to be bought for and in the name of the said Lula Ousley; that, having taken title in his own name, he held the same as trustee and, when Lula Ousley executed the deed to plaintiff's grantor, the entire equitable title was conveyed. At the trial, her said son by a former marriage appeared as a witness. He testified that, on the day preceding the commissioner's sale, he gave $50 to W. H. Ousley for the distinct and express purpose of purchasing the resale tax title for, and in the name of, his mother. The son did not know that Wm. H. Ousley had purchased the property in his own name until long afterwards. Subsequently, the son furnished additional funds for the purpose of repairing and enlarging the small house on the premises.

It was the judgment of the trial court that the property was owned in its entirety by Wm. H. Ousley at the time of his death and descended to his heirs in the manner

above set out and that the same was owned in undivided interests, one half by the plaintiffs and one fourth each by the defendants. Such a determination, in effect, was an adjudication that no trust relationship had been established.

It is plaintiffs' contention that that part of the judgment was not supported by the evidence but was contrary to, and in direct conflict with, the uncontradicted testimony of Lula Ousley's son as outlined above. Apparently the plaintiffs take the position that, when testimony is uncontradicted, the facts testified to are established. Such a conclusion does not necessarily follow. Here, the only person who could have refuted the statements of the witness was a deceased person. The occurrence of just such situations as this gave rise to the rule of law recently restated by this court in the case of Buxbaum v. Priddy, Okl., 312 P.2d 961, 965, to the effect that,

> "When a citizen of this state dies, holding title to real estate in his own name, which he has so held and managed and occupied for several years as exclusive owner, and another appears and claims an interest therein from the time of acquisition thereof by the decedent, the courts are required to leave the title in the decedent, as the parties themselves had left it, unless the adverse claimant can establish his interest therein by evidence which is clear, unequivocal, and decisive."

We have herein, as in the Priddy case, supra, given full consideration to the record and the evidence and "we reach the conclusion, as did the trial court, that the allegations of plaintiff's petition are not supported by the clear, cogent and convincing evidence required to establish a resulting trust. 'In a case of equitable cognizance the judgment of the trial court will be affirmed unless clearly against the weight of the evidence.' Shaw v. Shaw, Okl., 282 P.2d 748, 749."

It was the further judgment of the trial court that partition be had and that plaintiffs were entitled to recover, from the defendants, their proportionate part of taxes paid and of cost of repairs and that defendants were entitled to recover, from the plaintiffs, their proportionate part of the value of occupancy of the premises and that the two recoveries were the same and balanced each other out. This part of the judgment was erroneous. Plaintiffs and their grantors were cotenants with the defendants from the time of the execution of the deed by Lula Ousley. Prior to that time, she had the exclusive homestead right of possession. Subsequent thereto, the plaintiffs and their predecessors in title occupied the premises but the record conclusively discloses that no demand was made by defendants that they be let into possession nor had they attempted to enter. Therefore, the plaintiffs had not excluded them nor denied them the right of possession. Under such circumstances, it was held, in the case of Airington v. Airington, 79 Okl. 243, 192 P. 689, 27 A.L.R. 182, that a co-tenant in possession "must account to (his co-tenants) for their proportion of the rents actually received from third persons" but "is not liable to account to them for their proportion of the rental value of said premises." An occupying co-tenant is also liable for his co-tenant's proportionate part of any profit made from the occupancy and use of the premises. Such a situation obtained in the case of Pattison v. Pattison, 207 Okl. 46, 247 P.2d 514.

In the case under consideration there is no evidence in the record that plaintiffs or any of their predecessors in title received any rental payments from third persons, nor did they make any profit from their occupation and use of the premises. Therefore there was no liability on their part to account to defendants and the trial court was in error in holding them liable for the rental value. On the other hand, the record does disclose that plaintiffs paid taxes and made repairs, for their proportionate share of which the defendants were liable. Also, upon partition, plaintiffs would be entitled to recover for the improvements made, to the extent that the value of the property was enhanced.

As to accounting and contribution the judgment is reversed and the cause remanded with directions to try and to determine the issues of contribution consistent with the views herein expressed. As to all other issues, the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, and JACKSON, JJ., concur.