## FIELD REALTY CO v McCREADY et

Ohio Appeals, 9th Dist, Summit Co

No 2245.  Decided Oct 10, 1934

H. B. Harris, Akron, and H. S. Subrin, Akron, for plaintiff in error, and defendant in error and Cross-Petitioner in error Commercial State Bank of St. Paul.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for defendant in error Corwin P. McCready.

### OPINION

By WASHBURN, PJ.

The pleadings stated a case triable to a jury, and under the authorities cited in the very full and able brief of counsel for plaintiff in error, it is doubtful whether the pleadings also contained issues equitable

in character which the court had jurisdiction to try as an equitable action, separate and apart from the jury issue in the case; but in the view we take of the case, it is not necessary to determine the latter question definitely. For the purposes of the case, we assume that the realty company had a right to try to a jury the issues joined by its general denial, and that therefore it was error for the trial court to refuse the request of the realty company for a trial of the issues before a jury.

The record discloses, however, that there was no merit whatever in the general denial of the realty company, for at the trial the evidence offered by the realty company did not even tend, in any manner whatever, to disprove the evidence offered by McCready, establishing the allegations of his petition necessary to entitle him to a judgment in his favor. It thus appears that, had there been a jury, the only verdict which it could have returned would have been a verdict for plaintiff on the issues; and indeed, the evidence in behalf of McCready was such that the court would have been justified in directing that such verdict be returned.

What should a reviewing court do under such circumstances? Should it refuse to look beyond the pleadings (which control in determining whether the action is such that the party is entitled to a jury trial), and say that, inasmuch as the realty company had a right to have a jury pass upon the issues of fact and was denied that right, it was thereby prejudiced, and that therefore the judgment should be reversed? or, should we look to the whole record to ascertain whether the realty company was in fact prejudiced by the error complained of?

It is suggested that we adopt the first method above mentioned, for the reason that the action of the court deprived the realty company of its constitutional right to a jury trial.

But if a jury had been impaneled, and, at the conclusion of all the evidence, the court had directed a verdict, the party complaining would have been deprived of a jury trial. Notwithstanding this, a review of the action of the trial court under such circumstances would "not involve a question arising under the Constitution of the United States or of this State." (Keller v Stark Electric Ry. Co., 102 Oh St 114).

We know of no good reason why the usual practice of reviewing courts—which is to determine whether the errors, if any, which occurred in the trial court, were prejudicial to the party complaining—should

not be followed in this case, which would make the question to be determined in this case to be whether, upon a consideration of all that occurred at the trial, as shown by the record, the error of the trial court in refusing to grant the realty company a jury trial was prejudicial to the realty company.

Before referring to cases where situations similar to the case at bar were presented, it is proper to observe that the Supreme Court of the United States has declared that—

"No judgment should be reversed in a court of error when it is clear that the error could not have prejudiced, and did not prejudice, the rights of the party against whom the ruling was made."
Lancaster v Collins, 115 U. S. 222.

One of the judges of our Supreme Court, in a recent case, made the following observation, which was approved by two other judges of the court, to-wit:

"The reversal of judgments in trials where a verdict against the defendant is a foregone conclusion, owing to the overwhelming weight of the testimony against him, makes judicial proceedings a farce. The large financial burden thus unnecessarily cast upon the taxpayers in the retrial of cases is not the only nor the most sinister feature of constant reversal upon technicalities. Still more important is the fact that thereby the citizens lose their faith in the administration of justice by the courts * * *."
Hoare v Cleveland, 126 Oh St 625, at p. 628.

The decision in the foregoing case was by a divided court, but the language quoted may well be approved by all of us.

While we have found no case in Ohio which specifically holds that the error in denying a trial by jury may be considered as not prejudicial, where the evidence was such that the court, in the proper discharge of its duties, would have been required to direct a verdict in accordance with the judgment that was entered in the case, we do find cases in other states which so hold.
Combs v Burt & Brabb Lumber Co., 85 SW 227.

"The Supreme Court will not reverse a judgment for refusal of the lower court to allow a trial by jury * * * unless it appears that the appellant may have been prejudiced by such refusal."
Ward v Quinlivin, 65 Mo. 453.

Other cases which announce a similar general doctrine are as follows:

County of Caldwell v Crocket, 4 SW 607.

Wm. D. Cleveland & Sons v Smith, 113 SW 547.

Kruegel v Murphy & Bolanz, 126 SW 680.

Nichols·v Bryden, 122 Pac. 1119.

Thomas v Citizens' Natl. Bank, 147 NW 1005.

In addition to the foregoing, it is expressly provided by §11364, GC, that, in case a reviewing court shall determine "that in its opinion substantial justice has been done to the party complaining as shown by the record, all alleged errors occurring at the trial shall by such reviewing court be deemed not prejudicial to the party complaining and shall be disregarded and such judgment or decree under review shall be affirmed, or it shall be modified if in the opinion of such reviewing court a modification thereof will do more complete justice to the party complaining."

In some of the cases hereinbefore cited the verdict was directed in favor of the plaintiff, and in others in favor of the defendant, but that difference does not seem to have been considered of any consequence; and the Supreme Court of Ohio has recently approved a directed verdict for the plaintiff, in a case where the material issues were "established beyond dispute." In that case the Supreme Court declared that such verdict became the action "not of the jury, but of the court," and that the verdict could therefore be amended at a subsequent term by a nunc pro tunc order. **Webb v Western Reserve Bond & Share Co., 115 Oh St 247.**

In the case at bar, it is apparent from the record that, had a jury trial been granted, no judgment other than the one that was entered could have been rightfully entered, and it is clear that the error in not granting a jury trial did not prejudice and could not have prejudiced the rights of the party against whom the judgment was rendered in the case.

Following the course justified by the foregoing decisions and statute, which we believe are in furtherance of a wise public policy, we affirm the judgment in this case so far as said realty company is concerned.

There were other parties to this suit, one of which was the Commercial State Bank of St. Paul, which also demanded a jury trial and properly saved exceptions to the refusal of the court to grant the same, and it has filed a cross-petition in error in this case, and also a petition in error in a separate case (No. 2246).

The observations that have been made are also applicable to such defendant, and, in addition thereto, we find that, so far as said defendant is concerned, there was no issue joined between it and the plaintiff, Mr. McCready, which entitled it to a jury trial, and hence the judgment as to it is also affirmed, both in this case and in case No. 2246.

FUNK and STEVENS, JJ, concur in judgment.