## HAMILTON v MILLER

Ohio Appeals, 7th Dist, Mahoning Co

No 2273. Decided April, 1936

Osborn Mitchell, Youngstown, for plaintiff in error.

Henderson, Wilson, Mason & Wyatt, Youngstown, for defendant in error.

## OPINION

By CARTER, J.

This cause is in this court on error from the Court of Common Pleas. The errors of which complaint is made are as follows: First, complaint is made of the action of the court below in overruling defendant's motion to strike, thus permitting the plaintiff to change his cause of action from a partnership contract to an employment contract, and second, the action of the trial court in refusing the defendant a trial by jury on the issues raised by the pleadings. The cause was tried on an amended petition, and it is claimed that the amended petition permitted the plaintiff to change his cause of action from a partnership contract to an employment contract. We have examined these pleadings with this claimed error in view and find that the motion aimed at the amended petition was not to strike the amended petition from the files but to strike certain allegations found therein, as being redundant, irrelevant and intended to prejudice the defendant.

Assuming that the cause of action set out in the amended petition is a different cause of action than that set out in the original petition, which we do not decide, it appears to this court that inasmuch as no motion was filed to strike the amended petition from the files on the ground that the amended petition set out a different cause of action than set out in the petition, and having proceeded to trial with no motion to strike the amended petition from the files, we believe that the plaintiff in error waived any irregularity, if such there was, to the amended petition.

The second error urged was in connection with the action of the trial judge in refusing the defendant, Hamilton, a trial by jury on the issues raised by the pleadings. We deem it unnecessary to determine whether the cause submitted on the amended petition was an action in which the plaintiff was entitled to a jury or otherwise, for the reason that the record discloses that without objection the case proceeded to trial to the court without objection at the beginning thereof, and the record indicates that the case had been tried for a day when the request was made for a jury trial by the plaintiff below.

Sec 11421-1 GC, provides:

"In action arising on contract, the trial by jury may be waived by the parties, and in other actions with the assent of the court, as follows:

1. By consent of the party appearing when the other party fails to appear at the trial in person or by attorney.

2. By written consent, in person or by attorney, filed with the clerk.

3. By oral consent in open court, entered on the journal."

The court in the case of **Bonewitz v Bonewitz, 50 Oh St, 373**, construing this section, held:

"1. A party may waive his right to a jury trial by acts as well as by words.

2. And where in a case of which the Court of Common Pleas having jurisdiction of the parties may also by consent acquire jurisdiction to try the cause without a jury, the record shows that the parties appeared and neither dèmanded or waived a jury, but without objection submitted the cause to the court upon the pleadings, evidence and argument of counsel, it is not error for the court to proceed to final judgment in the case.

3. An objection by the defeated party first made after such submission and judgment, that his cause was not tried to a jury, comes too late."

The decision found in this opinion of the court is enlightening in connection with the case at bar. The record fails to disclose that there was any demand for a jury at the beginning of the trial, and also fails to show a waiver of trial by jury and submission to the court. The case proceeded without a jury and in the light of the case of Bonewitz v Bonewitz, supra, it is the opinion of this court that the right to submit the case to a jury was thereby waived by the acts and conduct of the parties.

While we believe that the trial court in his discretion might have, at the time the motion was made for a jury trial at the close of the first day's trial, properly sustained same and refused to proceed further, provided a jury issue was presented, however we do not believe under the circumstances of this case he was bound to do so as a matter of law, and that in his discretion he had the right to proceed to a final determination of the issues, and that there was no abuse of discretion in this regard.

Having come to this conclusion, the lower court is affirmed.

Judgment affirmed.

ROBERTS and NICHOLS, JJ, concur.