## WHEELWRIGHT, Plaintiff-Appellee, v. BAKER, Defendant-Appellant.

Ohio Appeals, Second District, Miami County.

No. 459.   Decided November 16, 1951.

Forrest L. Blankenship, Troy, for plaintiff-appellee.
Spidel, Staley & Hole, Greenville, for defendant-appellant.

### OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Miami County.   Four errors are assigned by defendant-appellant: First, the refusal of trial court to grant continuance as requested by defendant; second,

entering judgment for more than was due; third, trial of the cause by the Court without waiver of jury trial by the defendant; and fourth, irregularity in entering judgment.

Plaintiff sued the defendant for an alleged breach of contract of employment, claiming there was due him $1972.64.

At the outset we are confronted with the absence of a bill of exceptions. All we have before us is a transcript of the docket and journal entries. Incorporated in the transcript are two written opinions of the trial court. In part appellant based his discussion of the questions raised in this appeal on certain factual material found in the written opinions. These two written opinions cannot be considered in lieu of a bill of exceptions. Even if we give full effect to the material in the written opinion we are still of the opinion that the contention of counsel for appellant is not supported.

The cause was continued several times and upon the day of hearing counsel for defendant produced a letter from the defendant who lived in another state, stating he could not appear as he had been ill prior thereto and must now stay on his job. The trial court refused a continuance. The granting or refusal of a continuance lies within the sound discretion of the trial court. No abuse of discretion is shown.

From the record before us it does not appear that judgment was entered for more than was due.

An entry was filed at the time the last continuance was granted which recites: "It is further ordered that the case be tried to the Court, the parties having waived a jury trial." This entry was signed by the trial Judge and approved in writing by counsel for both parties without reserving exceptions. In our opinion the record shows a sufficient compliance with the provisions of §11421-1 GC, which provides for waiver of trial by jury. Furthermore, a jury may be waived by submitting to a trial by the court. **24 O. Jur., p. 155.**

After hearing was had the trial court journalized an entry rendering judgment in favor of the plaintiff in the sum of $1472.64. A motion for new trial was duly filed within term which was overruled. The Court in the journal entry overruling the motion for a new trial found that it had made an arithmetical error in the amount found to be due and ordered the original judgment corrected to show that judgment was rendered for the plaintiff for a less sum, to-wit: $1464.12. In our opinion the Court had authority to correct the judgment and in doing so did not commit prejudicial error.

We find no assignment of error well made.

Judgment affirmed.

HORNBECK, PJ, MILLER and WISEMAN, JJ, concur.