Monetta, Appellant, *v.* Metropolitan Life Ins. Co., Appellee.

(No. 4656—Decided December 8, 1952.)

*Messrs. Shoemaker, Loop & Kendrick* and *Mr. Robert B. Gosline,* for appellant.

*Messrs. Doyle, Lewis & Warner* and *Mr. George J. Gould,* for appellee.

Fess, J. This is an appeal on questions of law from a judgment for defendant entered by the court after trial without the intervention of a jury.

The action was brought by plaintiff against the defendant to recover $4,000 under a policy of insurance insuring the life of his son, who met his death while in the air corps as a result of the crash of a training plane. By way of an affirmative defense, defendant sets forth in the answer that a war risk and aviation provision rider excludes the following risk:

"(b) Death as a result of travel or flight in any kind of aircraft, or of descending therefrom, unless the insured is being transported on such aircraft without duties relating to such aircraft or descent therefrom."

Defendant alleges further that the insured was killed in an airplane crash while on a combat training flight as a member of a plane crew and, therefore, denies liability under the policy.

In his reply, plaintiff admits that the rider is contained in the policy and that the insured was killed as the result of a crash of an airplane of the United States Army Air Corps in which he was being transported prior to such crash and avers that the insured was being transported in such airplane prior to the crash without duties relating to the aircraft or descent therefrom.

It will be noted that under the pleadings an issue of fact was presented as to whether, prior to the crash, the insured was being transported with or without duties relating to such aircraft. At the commencement of the trial, the court overruled a motion of the plaintiff that a jury be impaneled and that the case be tried to the jury. The case then proceeded to trial before the court, resulting in a finding and judgment for defendant.

Under Section 11378, General Code, an issue of fact arises upon new matter presented in the answer and denied by the reply and, also, upon new matter in a reply which is deemed controverted. Section 11379, General Code, provides that "issues of fact arising in actions for the recovery of money only * * * shall be tried by a jury, unless a jury trial be waived." It is to be conceded that at a trial the evidence may be such as to present no issue for a jury, but only a question of law for the court. Whether the evidence presented to the court in the instant case is contradictory or is uncontradicted evidence disclosing circumstances from which different minds might reasonably draw different conclusions is not herein decided because it is appar-

ent that plaintiff's right to a trial by jury has been denied.

The judgment is, therefore, reversed, and the cause is remanded for a new trial.

*Judgment reversed.*

CONN and SAVORD, JJ., concur.