DEWEES, APPELLEE, *v.* SPILIOTIS, APPELLANT.

(No. 4760—Decided February 5, 1953.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Byron E. Ford* and *Mr. John C. Elam,* for appellee.

*Mr. Guy R. Martin* and *Mr. Carl H. Young,* for appellant.

WISEMAN, J.  This is an appeal from a judgment of the Court of Common Pleas of Franklin County in favor of the plaintiff in an action growing out of a contract of sale of a piece of real estate in which the plaintiff was the purchaser and the defendant was the seller.

Defendant gave notice of an appeal on questions of law and fact but he proceeded thereafter to regard it as an appeal on questions of law. When the matter was orally argued to this court, counsel for defendant stated that to be consistent the appeal must be regarded as one on questions of law and it could not conscientiously be claimed to be an appeal on questions of law and fact. The court will regard it as an appeal on questions of law. An appeal on questions of law may be taken in an equity action.

The plaintiff's petition asks for two forms of relief: First, the cancellation of the contract of sale on the ground of fraud, and recovery of money advanced; second, reformation of the contract of sale on the ground of mutual mistake of fact, and recovery of money advanced.

The case was tried to the court without the intervention of a jury. A motion for new trial was filed and overruled. No demand was made for a jury trial.

The question whether the defendant was entitled to a jury trial was raised for the first time in this court. The record inferentially discloses that all parties regarded the action as one in equity, and the parties acted accordingly.

Conceding, without deciding, that the action was one at law and that the defendant was entitled to a jury trial, the objection as to such matter was not seasonably interposed.

Under the state of the record, the defendant is held to have waived his right to a jury trial by proceeding to submit the matter to the court. In *Bonewitz* v. *Bonewitz,* 50 Ohio St., 373, 34 N. E., 332, 40 Am. St. Rep., 671, the court, on page 378, said:

"It was not until after the court had found and adjudged against the defendant that he discovered he had been prejudiced by not having his cause tried to a jury. His objection to the mode of trial, we think,

comes too late. To sustain his claim would seem to be trifling with justice. He proceeded to trial, without objection, to a court having jurisdiction of the parties, and capable of being clothed with jurisdiction of the subject matter for all purposes, taking his chance of a favorable result, and can not, now that the chance has turned against him, be heard to question the authority of the tribunal to which he consented to submit his cause. He must be held to have waived his right to a jury trial, if he had such right. *Nicholson* v. *Pim,* 5 Ohio St., 25; *Ellithorpe* v. *Buck,* 17 Ohio St., 72; *Arville* v. *Verner,* 22 Ohio St., 372; *Miller* v. *Longrave,* 26 Ohio St., 298; *Culver* v. *Rodgers,* 33 Ohio St., 537.

''We think it was not error for the trial court to assume jurisdiction and try the issues. And as this holding disposes of the case, it is not important to consider whether, as a matter of law, either party had the right, under the pleadings, to demand a jury.''

In *Hamilton* v. *Miller,* 22 Ohio Law Abs., 55, it was held that when the objection is made at the end of the first day of trial the objection comes too late and a jury is waived.

In the instant case the trial court had jurisdiction of the subject matter and the parties and, therefore, had jurisdiction to hear and determine the matter.

On the issues made, parol evidence was admissible to determine the terms of the contract of sale. 17 Ohio Jurisprudence, 510, Section 414; 2 Pomeroy, Equity Jurisprudence (4 Ed.), Section 866.

The trial court resolved the issues in favor of the plaintiff. There is ample evidence to support the judgment of the trial court. We find no assignment of error well made.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.