MAGEE ET AL., APPELLEES, *v.* KIESEWETTER, APPELLANT.

(No. 7928—Decided January 17, 1955.)

*Mr. Paul A. Holdt* and *Mr. Robert G. McIntosh,* for appellees.

*Mr. Stewart S. Cooper,* for appellant.

HILDEBRANT, J. Plaintiffs claim to be entitled to a one-fourth interest in certain rents collected by the defendant over a period of years, and pray for a money judgment following an accounting of the rents collected.

The trial proceeded before a jury and, at the close of all the evidence, the court apparently misconceived the ultimate relief prayed for, dismissed the jury, and decided the case upon the merits by rendering judgment for plaintiffs for one-fourth the gross rentals involved. No citation is necessary to point out the prejudicial error in that procedure. Since the principal relief prayed for was a money judgment the case is clearly an action at law, triable to a jury.

At the trial the court excluded testimony proffered by the defendant as to expenditures for taxes, necessary improvements, and repairs. This likewise was clearly error, since the claimed rights of the plaintiffs stem from a tenancy in common. In *Airington* v. *Airington,* 79 Okla., 243, 192 P., 689, 27 A. L. R., 182, the syllabus is:

"A tenant in common in possession of the common property, who has received more than her just proportion of rents from third persons, but who is not holding the premises adversely or to the exclusion of her cotenants, is not liable to account to them for their proportion of the rental value of said premises, but must account to them for their proportion of the rents actually received from third persons, after deducting the sums expended for taxes and necessary improvements."

See annotations in 27 A. L. R., page 184 *et seq.*

Despite repeated opportunities to do so, plaintiffs neither made nor filed any reply to defendant's answer either before or during the trial.

The pertinent part of Section 2309.27, Revised Code, reads as follows:

"Excepting averments as to value or the amount of damage, for the purposes of an action * * * every material allegation of new matter in an answer not controverted by the reply, shall be taken as true."

In her answer, duly verified, the defendant alleged in part:

"This defendant further says that said real estate was purchased with money provided by her mother, Katherine Kiesewetter, and that the title was placed as a matter of convenience in the name of her sister, Anna M. Kiesewetter, for the purpose of providing income for the support and maintenance of her mother, Katherine Kiesewetter, and of her sisters, Anna M. Kiesewetter and Lena Kiesewetter during their lifetimes. This defendant says that with the knowledge

and consent of her mother and her sister, Anna M. Kiesewetter, she collected the rents from said real estate, paid the expenses in connection therewith, and applied the net income over and above said expenses for the support of her mother, Katherine Kiesewetter, and of her sisters, Anna M. Kiesewetter and Lena Kiesewetter, who had no personal incomes. Defendant further says that she at no time has received any personal compensation for the management of said real estate.''

In the absence of any reply, this court is required to accept the above allegations contained in the answer as true. *Benson* v. *Lamb, Admr.,* 89 Ohio App., 248, 101 N. E. (2d), 235; *Fewster* v. *Goddard,* 25 Ohio St., 276.

Those allegations coupled with testimony that the sister, from whom the plaintiffs' rights stemmed, knew of those arrangements and agreements, acquiesced therein, and that her estate was settled without any claim of interest in the subject real estate being made, provide clear, certain and conclusive proof of an oral trust being engrafted on the deed otherwise absolute and made contemporaneously therewith. The conduct of the parties as revealed by the record further fortifies the above conclusion. See: *Hill* v. *Irons,* 160 Ohio St., 21, 113 N. E. (2d), 243, wherein *Russell* v. *Bruer,* 64 Ohio St., 1, is approved and followed.

It therefore follows that defendant's motion for judgment *non obstante veredicto* should have been granted.

The judgment is reversed and final judgment is entered for the defendant.

*Judgment reversed and final judgment*
*for defendant.*

Matthews, P. J., and Ross, J., concur.