MONROE ET AL., APPELLEES, *v.* GOLNER, APPELLANT.

(No. 4886—Decided December 12, 1955.)

*Mr. John W. Potter,* for appellees.
*Mr. Cyrus G. Jaffee,* for appellant.

CONN, J. This is an appeal on questions of law by defendant from a judgment entered in the Common Pleas Court against him and in favor of plaintiffs.

The plaintiffs alleged in their petition that on or about January 28, 1953, they executed and delivered their promissory note to defendant in the amount of $2,500, payable on or before six months, with interest at the rate of 6 per cent per annum; that the sole consideration for the note was the sum of $2,000; and that the difference between the amount showing on the face of the note and the amount received by plaintiffs was retained by defendant as additional interest.

Plaintiffs further allege that the note was usurious; that defendant negotiated the note to a bona fide purchaser for value and without notice to the purchaser of the usury; that plaintiffs paid to the bona fide indorsee the sum of $2,660.14; and that, as a result of such usury, plaintiffs have been damaged in the amount of $531.75, for which amount plaintiffs pray judgment against defendant.

Defendant in his answer admits the execution and delivery of the negotiable promissory note set forth in plaintiffs' petition and that the note was sold to a bona fide purchaser for a valu-

able consideration. Defendant denies generally each and every allegation in plaintiffs' petition, excepting those admitted to be true.

Defendant's assignments of error, somewhat abridged and rearranged to order, are as follows:

1. The court erred in refusing to grant defendant a jury trial.

2. That the judgment of the trial court is against the weight of the evidence.

3. That the trial court erred in overruling a motion for a new trial.

We take up first the alleged error that the trial court refused to grant defendant a trial by jury.

Where issues of fact are raised on the pleadings in an action at law for the recovery of money only, and where a money judgment is prayed for, the right of trial by jury is uniformly recognized. 24 Ohio Jurisprudence, 144, Section 12.

It is quite clear that on the petition of plaintiffs in this case, and the general denial of defendant, issues of fact were raised. It is also clear that plaintiffs would be entitled to a money judgment, as prayed for, if the parties sustained the affirmative allegations of their petition upon the trial of the case.

Section 2311.04, Revised Code, relating to the "Trial of Issues," contains a mandatory provision respecting the right of trial by jury in an action for the recovery of money, as follows:

"* * * Issues of fact arising in actions for the recovery of money * * * shall be tried by a jury, unless a jury trial is waived * * *."

The right of trial by jury in civil and criminal cases, is expressly guaranteed in the Constitutions of this state and of the United States. While the right is preserved, it is nowhere defined in these organic laws. At the time the federal Constitution was framed and adopted, the jury system was well established, and occupied a unique and notable place in our common-law heritage. 24 Ohio Jurisprudence, 139, Section 9.

The vigilance of the courts in guarding with jealous care the right of a litigant to have issues of fact tried by a jury is uniformly illustrated in the reported Ohio cases. These cases

include those where the trial court, in the first instance, refuses to grant a jury trial over the objection of a party, where the party complaining may have waived his right to jury trial by acts or words of an affirmative character, or where, on motion made during the trial, such issue is raised by the trial court directing a verdict. We call attention to several of the reported cases, which we have recently examined, wherein the right of a party to a jury trial was in issue.

*Slocum* v. *Lessee of Swan,* 4 Ohio St., 161; *Ellis & Morton* v. *Ohio Life Ins. & Trust Co.,* 4 Ohio St., 628, 64 Am. Dec., 610; *Bonewitz* v. *Bonewitz,* 50 Ohio St., 373, 34 N. E., 332, 40 Am. St. Rep., 671; *Lingler* v. *Wesco, Admr.,* 79 Ohio St., 225, 243, 86 N. E., 1004, 128 Am. St. Rep., 714, 21 L. R. A. (N. S.), 182; *Gibbs* v. *Village of Girard,* 88 Ohio St., 34, 47, 102 N. E., 299; *Van Dorn Iron Works Co.* v. *Erie-Huron Realty Co.,* 108 Ohio St., 314, 318, 140 N. E., 325; *Leyman Corp.* v. *Piggly-Wiggly Corp.,* 90 Ohio App., 506, 508, 103 N. E. (2d), 399; *DeWees* v. *Spiliotis,* 94 Ohio App., 394, 115 N. E. (2d), 703; *Longstreth & Ayer Mfg. Co.* v. *Halsey & Smith,* 4 C. C., 307, 2 C. D., 563; *Whitworth* v. *Steers,* 12 C. C., 272, 4 C. D., 556; *Kennedy* v. *Dodge, Admr.,* 19 C. C., 425, 429, 10 C. D., 360; *Security Ins. Co.* v. *Michael,* 14 C. C. (N. S.), 95, 23 C. D., 477; *King* v. *Potter,* 16 C. C. (N. S.), 84, 25 C. D., 15; *Torbet* v. *Young,* 24 C. C. (N. S.), 97, 26 C. D., 245; *Hamilton* v. *Miller,* 22 Ohio Law Abs., 55; *Wheelwright* v. *Baker,* 67 Ohio Law Abs., 26, 118 N. E. (2d), 718; *Monetta* v. *Metropolitan Life Ins. Co.,* 94 Ohio App., 399, 115 N. E. (2d), 845; *Magee* v. *Kiesewetter,* 98 Ohio App., 539, 130 N. E. (2d), 704.

The court, in its opinion in *Longstreth & Ayer Mfg. Co.* v. *Halsey & Smith, supra,* at page 311, said:

"The case under consideration was for the recovery of money only, and therefore was triable by jury. Revised Statutes, Section 5130. Trial by such tribunal, as we have seen, can only be waived in the manner prescribed by Section 5204 of the Revised Statutes, or by conduct of the party amounting to a waiver by estoppel. The record shows that both parties appeared. No written consent, waiving a jury, was filed with the clerk; nor was there oral consent, in open court, to dispense with a jury, entered on the journal. Nor does the record show conduct on the part of the defendant which would estop him to

object to trial by the court without a statutory waiver of a jury. Under these circumstances the court had no jurisdiction to try the cause. * * *"

The procedure outlined by statute for waiving the right of trial by jury is prescribed in Section 2315.20, Revised Code, as follows:

"In actions arising on contract, trial by jury may be waived by the parties, and in other actions with the assent of the court as follows:

"(A) By consent of the party appearing, when the other party fails to appear at the trial, in person or by attorney;

"(B) By written consent, in person or by attorney, filed with the clerk;

"(C) By oral consent in open court entered on the journal."

The rule of the Common Pleas Court, subdivision (3) of Rule 15, relating to pre-trial procedure, conforms with the statute, as it provides that if it is agreed, at such conference, that trial by jury is to be waived, a waiver in writing shall be executed by counsel and filed with the clerk.

Plaintiff has placed considerable reliance on the case of *Field Realty Co.* v. *McCready*, 18 Ohio Law Abs., 24. It appears from the record that the case on the pleadings was not one in which a money judgment was sought. The plaintiff demanded a jury trial. The request was denied by the trial court, as it was of the opinion that the pleadings did not present a case triable to a jury as of right. Judgment was rendered in favor of defendant.

It was held on appeal that the error of the trial court was not prejudicial, as it would have been the court's duty to have directed a verdict in accordance with the judgment. That case was decided in 1934. We do not find that it has ever been followed or cited. If it be considered that that case can not be distinguished from the instant case, then it appears that the conclusion of a majority of the court here is in clear conflict with the *Field Realty Company case.*

The trial court may not deny a litigant the right of trial by jury in a given case, where issues of fact are raised on the pleadings in an action for money only, and, by such denial, es-

cape committing prejudicial error by correctly forecasting the ultimate determination of such issues on the evidence. Where it is disclosed that a party has been denied a clear, basic, legal right, a presumption arises on the record that such denial is prejudicial.

In the instant case, no written waiver was executed. Moreover, it affirmatively appears that the defendant timely, although informally, requested a jury trial.

It is the conclusion of a majority of the court that the assignment of error now under consideration should be sustained. The remaining assignments of error do not require consideration.

The judgment of the trial court is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

FESS, J., concurs.
DEEDS, J., dissents.